# The State *v.* Fisk.

[No. 21,105. Filed March 11, 1908.]

1. ATTORNEY AND CLIENT.—*Instructions.—Preparation of.*—It is the duty of attorneys to assist the trial judge in the preparation of instructions in their cases on trial. p. 167.

2. TRIAL.—*Instructions.—Criminal Law.—Weight of Oral Admissions.—Invasion of Province of Jury.*—The question of the proper weight to be given to oral admissions is wholly for the jury, and an instruction discrediting such testimony is an invasion of the province of the jury. p. 168.

3. SAME.—*Instructions.—Criminal Law.—Statements from Cases or Text-Books.*—It is not always safe to give, as instructions, excerpts of law taken from cases or text-books. p. 168.

4. SAME.—*Instructions.—Criminal Law.—Circumstantial Evidence.*—An instruction that it is incumbent upon the State to prove every element of the circumstances relied upon beyond a reasonable doubt, and that such elements must be so related and of such a character as to exclude any reasonable explanation, except upon the hypothesis of guilt, is incorrect. p. 168.

5. SAME.—*Instructions.—Criminal Law.—Uttering Forged Instrument.*—An instruction, in a prosecution for uttering a forged instrument, that it must be proved beyond a reasonable doubt that defendant forged the instrument, is erroneous, proof of the uttering being sufficient. p. 169.

6. TRIAL.—*Instructions.—Criminal Law.—Misleading.—Proof by Positive or Circumstantial Evidence.*—An instruction that "the proof may be by direct and positive testimony or by circumstantial evidence," is not misleading in causing the jury to think that the evidence, in order to convict, must be wholly direct, or wholly circumstantial. p. 169.

7. SAME.—*Instructions.—Repetitions.*—The repetition of instructions favorable to one party is not commendable. p. 169.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Prosecution by the State of Indiana against Walter Fisk. From a judgment for defendant, the State appeals. *Appeal sustained.*

*James Bingham,* Attorney-General, *A. G. Cavins, H. M. Dowling, E. M. White* and *Charles L. Tindall,* Prosecuting Attorney, for the State.

*William Ward Cook* and *Felt & Binford,* for appellee.

GILLETT, J.—Appellee was charged in the court below with the crime of uttering a forged note. There having been an acquittal, the State prosecutes this appeal for the purpose of testing the correctness of certain instructions. We may preliminarily state that the questions involved are not of such a character that it appears important, in view of the decisions of this court, that such questions should be passed upon in order that a uniform rule of decision should be declared for the guidance of trial courts, and we may further observe that there appears to us to be no reason for indulging the supposition that a correct set of instructions would not have been given to the jury if the prosecuting attorney had been at the pains to make a fraction of the effort in that direction which has since been expended to establish the existence of error. As the State is within its legal rights, however, in taking this appeal, we proceed to its disposition.

Instructions nineteen and twenty-three were as follows: "(19) Certain verbal statements, claimed to have been made by the defendant concerning the consideration for

which the note in question was given, have been testified to in this case. Repetitions of oral statements made a considerable time before they are repeated are subject to much imperfection and mistake, for the reason that the person making them may not have expressed his own meaning, or the witness may have misunderstood him, or by not giving his exact language may have changed the meaning of what was actually said, and this is especially true where a long time has elapsed since the alleged statements were made. Such evidence should, therefore, be received by you with caution.'' ''(23) Where circumstantial evidence is relied upon to prove any material fact of the affidavit, every element of the circumstances relied upon must be proved beyond a reasonable doubt, and be so related and of such a character as to be incapable of any reasonable explanation on any other theory than that of the guilt of the accused.''

Instruction nineteen invaded the province of the jury. While it contained an unobjectionable course of reasoning, yet it related to matters which were for the consideration of the triers of fact. The action of the court in discrediting testimony of oral admissions is not sanctioned by our practice. Statements found in cases or text-books, however correct in the connection where found, may not always be given to jurors as propositions of law. *Davis* v. *Hardy* (1881), 76 Ind. 272; *Unruh* v. *State, ex rel.* (1886), 105 Ind. 117; *Indianapolis St. R. Co.* v. *Taylor* (1905), 164 Ind. 155.

Instruction twenty-three was erroneous. *Dunn* v. *State* (1906), 166 Ind. 694. We had occasion to point out in the case cited how items of circumstantial evidence may act upon each other, and how in some cases they may even supply some elements involved in the hypothesis of guilt. The question in each case is essentially a concrete one. An instruction should not be given which leads to the inference that the circumstances should be segregated in passing upon the weight to be attached to each,

and it is not true as a legal proposition that every subordinate fact must necessarily be proved beyond a reasonable doubt.

Instruction six was objectionable because, by inadvertence doubtless, it informed the jury that it would have to be established beyond a reasonable doubt that the defendant forged the instrument, whereas the charge would have been sustained by proof of an uttering.

It does not appear to us that instruction twenty-two is open to the objection that it would lead the jury to infer that proof of guilt would have to be made out wholly by direct testimony, or else by proof of circumstances considered apart from the direct evidence. No reasonable juror would be led to this conclusion from an instruction that "the proof may be by direct and positive testimony or by circumstantial evidence."

Complaint is made that the court, in effect, repeated certain instructions favorable to appellee. This practice is to be discouraged, and while it is but fair to say that for the most part such instructions related to different phases of the general question, yet condensation would to some extent have been profitable and better calculated to maintain the equipoise of justice as between the State and the appellee. It appears unnecessary, however, in view of the fact that the appeal must be sustained, that we should consider in the concrete questions which in their precise form will scarcely arise again.

The appeal of the State is sustained, at the costs of appellee.