## WHITE *v.* STATE OF INDIANA.

[No. 22,183.  Filed October 10, 1912.]

1. CRIMINAL LAW.—*Instructions.—Refusal.—Requested Instruction
Covered by Charge Given.*—Where, in the trial of a charge of
assault and battery with intent to commit manslaughter, the
court instructed the jury that defendant had a right to act on
appearances, and if from these he honestly and reasonably be-
lieved that he was in danger of great bodily harm or loss of life
by an assault on him, he had the right to repel such assault by
all the force which appeared to him to be reasonably necessary to
protect himself, even though the jury should find that he was not
in actual danger, the refusal of an instruction that defendant had
the right to resist the assault with as much force as he, viewed
from his standpoint, at that time, reasonably believed was neces-
sary to prevent loss of life or great bodily harm, was not erro-
neous. p. 318.

2. CRIMINAL LAW.—*Instructions.—Invading Province of Jury.—Use
of "Should."*—The use in an instruction of the word "should," or
other positive direction to the jury to consider certain evidence,
or certain facts if shown by the evidence, is proper, and not an
invasion of the province of the jury. p. 319.

3. CRIMINAL LAW.—*Appeal.—Harmless Error.—Instructions.*—A
judgment of conviction will not be reversed because of the giving
or refusing of instructions, even though they were erroneously
given or refused, where in view of the evidence the jury could
not have been influenced to find for defendant even if the in-
structions had conformed in all respects to defendant's conten-
tions. p. 319.

From Gibson Circuit Court, *Herdis F. Clements,* Judge.

Prosecution by the State of Indiana against Arthur White.
From a judgment of conviction, the defendant appeals. *Af-
firmed.*

*Thomas Duncan,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

Cox, C. J.—Appellant was convicted by a jury in the lower court of the crime of assault and battery on the person of one Davis, with intent to commit manslaughter. He seeks a reversal of the judgment of the trial court, and relies on alleged error in overruling his motion for a new trial to secure it. The only claims of errors pressed on us by appellant are involved in the refusal of the trial court to give instruction five, which appellant tendered and requested the court to give to the jury; and the giving of instructions eight and ten, which the court gave to the jury of its own motion.

Instruction five in part involved the law of self-defense, and by its terms appellant sought to have the jury instructed that appellant, if first assailed, "had the right then

1.  and there to resist such assault with force and he had the right to use as much force in overcoming and disarming his adversary as he, the defendant, viewed from his standpoint, at that time, did reasonably believe was necessary to prevent loss of life or great bodily harm at the hands of said Davis." And it is contended by appellant's counsel that error was committed in refusing to give this instruction, for the reason that, as claimed by counsel, in none of those given was the jury charged that whether appellant had reasonable cause to believe that he was in danger must be judged from his standpoint. Counsel is in error in the contention that appellant's right of self-defense in this respect was not covered by the instructions given by the court. While the identical words and the same arrangement of them did not appear in instructions given, yet in instruction eight, given by the court of its own motion, and in instructions two and nine, given at the request of appellant, the jury was told in plain and unequivocal words that ap-

pellant had a right to act on the appearances, and if from
these he honestly and reasonably believed that he was in dan-
ger of suffering great bodily harm or losing his life by an
assault on him by Davis, he had the right to repel such as-
sault by all the force which appeared to him to be reasonably
necessary to protect himself from loss of life or great bodily
harm at the hands of Davis, even though the jury should
find that he was not in fact in any actual danger. The giv-
ing of instruction five would have been, in this respect,
practically the further repetition of charges favorable to
appellant, a practice not to be commended. *State* v. *Fisk*
(1908), 170 Ind. 166, 83 N. E. 995. By this same instruction
five appellant asked that the jury be instructed that it was
its "duty to consider" certain facts set forth therein on the
question of appellant's intent in striking Davis, if such facts
were disclosed by the evidence. The court in instruction ten
told the jury that "you may consider" such facts. It is
contended that the court erred in refusing to give the jury
the positive direction that it was its duty to consider such
facts. It has generally been held by this court that
2.  the use in an instruction of the word "should", or
other positive direction to the jury to consider certain
evidence, or certain facts if shown by the evidence, is proper,
and not an invasion of the province of the jury. See *Bader*
v. *State* (1911), 176 Ind. 268, 94 N. E. 1009, 1014, and the
cases there cited.

And, if we were prepared to say that the decision of this
court in the case of *Southern R. Co.* v. *State* (1905), 165
Ind. 613, 622, 75 N. E. 272—that it was error to use
3.  the word "may" instead of "should" in relation to
the consideration of certain evidence—should be ap-
plied to the instructions under consideration in this case,
nevertheless, in view of the state of the evidence, the errors
complained of would not serve to require us to reverse the
judgment and send the case back for a new trial. Nor would
the further complaint made of instruction ten or the criti-

cism of instruction eight so serve, if well taken. The conviction of appellant was in harmony with the evidence and wholly justified by it. Under the evidence brought to us by the record, it is difficult to see how the jury could have been influenced to a verdict in appellant's favor if the instructions had conformed in all respects to appellant's contentions. We find no error which affected prejudicially the substantial rights of appellant, and are therefore required to affirm the judgment, which is done.

NOTE.—Reported in 99 N. E. 417. See, also, under (1) 12 Cyc. 602; (2) 12 Cyc. 610; (3) 12 Cyc. 928, 932. As to the law of self-defense, see 74 Am. St. 717; 109 Am. St. 804.