## STRAUB *v.* STATE OF INDIANA.

[No. 22,273. Filed February 14, 1913.]

1. CRIMINAL LAW.—*Appeal.—Evidence.—Verdict.*—The court on appeal will not consider the evidence where it appears that there was evidence given supporting all the material elements constituting the crime designated by the verdict, since the probative worth of the evidence is for the jury. p. 252.

2. CRIMINAL LAW.—*New Trial.—Newly-Discovered Evidence.*—A judgment will not be reversed because of the denial of a new trial on the ground that a witness has been discovered who will testify that one of the State's witnesses, who testified as to facts of the assault in detail as an eye witness, could not have been an eye witness, where other witnesses testified to the facts testified to by such State witness, since it cannot be said that the testimony of the new witness would have changed the result. p. 253.

3. CRIMINAL LAW.—*New Trial.—Newly-Discovered Evidence.*— There is no error in overruling a motion for a new trial on the ground of newly-discovered evidence which is merely corroborative and would not affect the verdict. p. 253.

4. CRIMINAL LAW.—*Trial.—Refusal of Instructions.*—A judgment of conviction will not be reversed for the refusal of requested

instructions, merely because the language used in the requested instructions is preferable to that used in the instructions given. p. 253.

5. CRIMINAL LAW.—*Trial.*—*Refusal of Instructions.*—It is not error to refuse an instruction which is part of the setting of others.   p. 254.

6. HOMICIDE.—*Assault With Intent to Murder.*—*Evidence.*—*Instructions.*—*Self-Defense.*—Where, in a prosecution for assault and battery with intent to commit murder, the evidence shows that defendant, knowing that the person assaulted was angered with him and drinking, voluntarily put himself in the way of an altercation, or at least showed no willingness to avoid it, and that he could have avoided it, requested instructions on the subject of self-defense, and pursuit in defense even to killing, were not applicable and were properly refused.   p. 254.

From Harrison Circuit Court; *William Ridley,* Judge.

Prosecution by the State of Indiana against Fritz Straub. From a judgment of conviction, the defendant appeals.   *Affirmed.*

*Major W. Funk,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

MYERS, C. J.—Appellant was tried upon affidavit charging assault and battery with intent to commit murder, and was found guilty of assault and battery with intent to commit manslaughter, from which finding and judgment he appeals.

The error here relied upon is in the court's action in overruling his motion for a new trial, on the grounds, (1) that the verdict is contrary to law, (2) that the verdict is not sustained by sufficient evidence, (3) error in refusing to give certain instructions tendered by appellant, and (4) newly-discovered evidence. As to the first two propositions, it is well settled that this court will not consider the evidence where it appears that there was evidence given supporting all the material elements constituting the crime designated by the verdict. The probative worth of the evidence is for the jury.

On the question of newly-discovered evidence, it is claimed

that a newly-discovered witness will testify that one Lewis, who on the trial testified as to the facts of the assault 2. in detail as an eye witness, was not in a position to see the things as he testified to have seen them on the trial, that he, the new witness, was with Lewis, and did not see those things, and that Lewis could not have seen them, but that both were on the scene at the close of the altercation. It appears that other witnesses testified to the same facts as those testified to by Lewis, and therefore we can not say that the jury considered Lewis' evidence alone, and that its verdict was based upon his testimony, and that the testimony of the new witness would have changed the result.

3. The other point urged on the question of newly-discovered evidence is, that the prosecuting witness had been drinking prior to the altercation. This fact was testified to by several witnesses, including the man assaulted, and such new evidence would be merely corroborative, and no doubt would not affect the verdict of the jury.

Complaint is made of the refusal of the court to give numerous instructions requested by appellant. The learned counsel for appellant with perfect candor and frankness says in his brief, "I am not prepared to say that the transcript discloses such a state of facts [a lack of evidence in respect to some fact or element material to the crime charged]. I only call the attention of the court to the evidence to show its conflicting and irreconcilable statements of the different witnesses in order that this court may fully understand the necessity of the trial court giving to the jury the instructions as it was requested to do." Instructions Nos. 3 and 6 were incorrect under the rule in *Shenkenberger* v. *State* (1900), 154 Ind. 630, 644, 57 N. E. 519. The substance of in-4. structions Nos. 1, 2, 4, 5 and 8 was fully and fairly presented by the instructions given by the court of its own motion. The requested instructions stated the matters in different language and phraseology, but it is not sufficient to reverse a judgment that the language used in an instruc-

tion asked is preferable to that used by the court in instructions given. *White* v. *State* (1912), 178 Ind. 317, 99 N. E. 417. *Lesueur* v. *State* (1911), 176 Ind. 448, 95 N. E. 239, 242; *State* v. *Fisk* (1908), 170 Ind. 166, 169, 83 N. E. 995; *Knapp* v. *State* (1907), 168 Ind. 153, 79 N. E. 1076, 11 Ann. Cas. 604; *Goodwin* v. *State* (1884), 96 Ind. 550.

Instruction No. 2 requested, is in substance the same as instruction No. 23 disapproved in *State* v. *Fisk, supra.* Instruction No. 7 requested, defined the subject of assault, and its refusal is excepted to upon the ground that it is explanatory of instructions requested on the line of self-defense. It is not error to refuse an instruction which is part of the setting of others. *Knapp* v. *State, supra.* The other instructions requested go to the question of self-defense, and pursuit in defense even to killing, and were properly refused both upon the ground that the court properly instructed upon the question of self-defense, and the other instructions were not applicable to the evidence. Appellant knowing according to his own testimony that the prosecuting witness was angered with him, and drinking, voluntarily put himself in the way of an altercation, if he did not really seek it; at least he showed no willingness to avoid it, and the evidence shows that he could have avoided it, and that he voluntarily became a challenging party.

The judgment is affirmed.

NOTE.—Reported in 100 N. E. 754. See, also, under (1) 12 Cyc. 906; (2) 12 Cyc. 738; (3) 12 Cyc. 740; (4) 12 Cyc. 928; (5) 12 Cyc. 662; (6) 21 Cyc. 1055. As to how the plea of self-defense can avail one who provoked the quarrel or voluntarily engaged in the combat, see 109 Am. St. 805.