## MULLEN v. STATE OF INDIANA.

[No. 23,972. Filed December 1, 1921.]

CRIMINAL LAW.—*Appeal.*—*Review.*—*Harmless Error.*—*Instructions.*—*Right Result.*—Where it clearly appears that the right result was reached, a judgment of conviction will not be reversed because of the giving or refusal to give instructions that could not have affected the result.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Prosecution by the State of Indiana against Martin Mullen. From a judgment of conviction the plaintiff appeals. *Affirmed.*

*Hovey C. Kirk* and *Thomas Duncan,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

EWBANK, C. J.—The appellant was convicted on the charge of assault and battery on his own daughter, less than sixteen years of age, with intent to commit rape. He did not call any witnesses to testify in his behalf and did not even attempt, by cross-examination, to break down the undisputed testimony of witnesses for the state that the appellant had repeatedly declared the alleged criminal intent, that he tried by persuasion, promises, bribes and threatening gestures to induce the child to submit to his wicked will, and made elaborate preparations for carrying out his purpose, and that he touched her rudely with the intent thereby to make her give up to him.

A bill of exceptions recites that the appellant asked the court to give each of twenty-five instructions designated by numbers, and that the court refused to give twenty-one of them, and also that it gave eighteen instructions of its own motion.

But whether the court gave the other instructions asked by appellant does not appear, unless by inference

from the fact that they are not shown to have been refused.

Appellant complains of the refusal of the court to give each of five instructions requested by him; and insists that each of four instructions given by the court was not accurate. We have studied with care the arguments advanced and the authorities cited by counsel for the appellant, but without going into the disgusting details, we cannot believe that any jury of twelve men, after hearing the undisputed evidence in this case, could fail to return a verdict of guilty, even if the court had given the instructions which it refused, and if those which it gave had read exactly as the appellant insists they ought to read. Where it clearly appears that the right result was reached, a judgment will not be reversed because of the giving or refusal to give instructions that could not have affected the result. *Hay* v. *State* (1912), 178 Ind. 478, 485, 98 N. E. 712, Ann. Cas. 1915C 135; *White* v. *State* (1912), 178 Ind. 317, 320, 99 N. E. 417. Many rules of law that control where a man is on trial for assault or assault and battery with intent, by force, to ravish a woman against her will, have no application in the trial of a charge of assault and battery with intent to violate a girl too young to be capable of consenting.

The judgment is affirmed.

Myers, J., absent.