## ELLERMAN v. STATE OF INDIANA.

[No. 25,078.   Filed June 3, 1926.   Rehearing denied October 6, 1926.]

INTOXICATING LIQUORS.—*Judgment of conviction will not be reversed for slight inaccuracies in instructions where the undisputed evid·nce showed defendant guilty.* — Where the uncontradicted evidence showed that the defendant had repeatedly sold intoxicating liquor at his house, had given it away to be drunk there, and had kept such liquor in a thicket near his home, which he sold in violation of law for more than a year past, a judgment of conviction for selling intoxicating liquor and maintaining a place where such liquor was sold will not be reversed because of slight inaccuracies in the instructions, especially where such inaccuracies were fully covered by other instructions.

From Knox Superior Court; *John Rabb Emison,* Judge.

John Ellerman was convicted of selling intoxicating liquor and of maintaining a place where such liquor was unlawfully sold, and he appeals. *Affirmed.*

*James M. House* and *Arnold J. Padgett,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

EWBANK, J.—An affidavit in two counts, verified and filed on April 21, 1925, alleged that on or about April 18, 1925, at Knox county, State of Indiana, John Ellerman did then and there unlawfully sell intoxicating liquor, to wit, one gallon of whisky, for a price named; and that, at the same place, on or about April 28, 1923, and up to and including April 21, 1925, he did then and there unlawfully maintain and assist in maintaining a room and place where intoxicating liquor was sold, delivered and given away in violation of the laws of this state, and where persons were permitted to resort for the purpose of drinking said intoxicating liquor as a beverage, etc.   He was found guilty as charged, and

his punishment fixed at a fine of $100 and imprisonment for ninety days, being the lowest fine and only half of the longest term of imprisonment that could have been imposed for either alleged offense. §§8356d, 8356t Burns' Supp. 1921, §1, Acts 1921 p. 736, §20, Acts 1917 p. 15 (25).

The following evidence, given by many witnesses, was wholly undisputed: That on April 21, 1925, and for a long time before, defendant had lived in Knox county, Indiana, east of the city of Vincennes "about four miles out the Main Street road," in a house of four rooms, some fifty to 100 yards back from the road; that on that day, some officers with a search warrant went to his home, and in a "hot bed" near the house found a half gallon fruit jar, from which he was seen to pour some white mule whisky, a small quantity of which the officers obtained in the lid; that while defendant stood by, his wife struggled with the officers for this jar; that defendant had stooped over and spilled some white mule whisky from the jar, and his wife poured out some more liquor from it, and the odor of white mule whisky was smelled where it was poured out; that a number of paths led from defendant's house to a thicket of briars south of the house, about fifty to 100 yards away, where they all ended, and following these paths to where they ended, the officers found in a hole covered with brush a four gallon jug with two and a half gallons of whisky in it, and in the same thicket a few yards nearer the house than the jug, down in a hole, they found a glass fruit jar full of whisky; that all the paths that led from the house down to the thicket, being footpaths, had been recently used; that the officers also found in the thicket, buried in the ground, an empty five-gallon can that had the odor of white mule whisky in it; that the four-gallon jug and glass jar found in the thicket, with their contents, were ad-

mitted in evidence; that three young men from over in
Illinois had bought whisky from defendant at his home
seven times within the past two years, getting from
half a gallon to a gallon each time, and that he delivered
it to them each time at his house; that the first time
was about a year and five months before the trial,
when they bought a gallon of whisky from him, and
paid him $7 for it; that the second time and each of
the other times when they got whisky from him, they
paid him $7; that each time defendant went south of
the house to the thicket and was gone about ten min-
utes when he returned with the whisky; that on March
1, 1924, two men went to defendant's home and into
his kitchen, and asked him about getting some white
mule whisky; that he said he only had a little, but could
get them a quart; that he left the house and fifteen
minutes later came back with a gallon jug of whisky
and a quart bottle which he filled from the jug, and the
men paid him $2 for the quart bottle of whisky; that
he took a drink and gave each of them a drink, there
in the kitchen of his residence; and this bottle was also
introduced in evidence. To meet other testimony of
the three young men from Illinois to the effect that they
bought a gallon of whisky from defendant at about 3
o'clock on the afternoon of April 18, 1925, which he
brought up to his house from the thicket and delivered
to one of them in exchange for $6 in money, defend-
ant presented witnesses who swore that he was not at
home on the afternoon of Saturday, April 18. But
defendant, himself, did not testify and there was no
evidence whatever tending to deny or in any way chal-
lenge the existence of the other facts testified, of which
the substance is recited above.

As applied to the uncontradicted and wholly unchal-
lenged evidence that defendant had repeatedly sold in-
toxicating liquor at his house, had given it away to be

drunk there, and had kept in the thicket nearby intoxicating liquor which he sold in violation of law for more than a year past, the trial court gave a series of twelve instructions, by the sixth, seventh and eighth of which, the jury was repeatedly told that the defendant must be presumed innocent until his guilt should be established beyond a reasonable doubt, and that he could not be convicted so long as any juror had a reasonable doubt of his guilt. Appellant complains that in reciting the facts testified which the jury was told it had "the right to consider in connection with all the other facts in evidence," the instruction No. 11 gave undue prominence to "particular facts and circumstances." And that in giving instruction No. 12, by which the jury was told if it should find from the evidence that defendant controlled, managed, operated and maintained premises where intoxicating liquor was sold and kept for sale in violation of law, it was not necessary also to show that he owned such premises or had a lease thereon, the court failed to qualify the expression "find from the evidence" by the limitation "beyond a reasonable doubt." The jury was sufficiently informed as to the doctrine of reasonable doubt by the other instructions. And in view of the undisputed and unchallenged evidence that defendant did so many of the acts charged in the affidavit, we cannot reverse the judgment of conviction because of slight inaccuracies in these two instructions, if any there were. Therefore, we do not deem it necessary to set out the instructions complained of, or to pass on questions as to just how far and in what particulars, if at all, they fell short of strict accuracy. *Mullen* v. *State* (1921), 191 Ind. 405, 406, 133 N. E. 8; *Meno* v. *State* (1925), 197 Ind. 16, 148 N. E. 420, 424; *Mason* v. *State* (1908), 170 Ind. 195, 203, 83 N. E. 613.

The judgment is affirmed.