**UNITED STATES v. KIME.**

**No. 10304.**

United States Court of Appeals
Seventh Circuit.

April 25, 1951.

Rehearing Denied May 23, 1951.

Francis Heisler, Chicago, Ill., for appellant.

Gilmore S. Haynie, U. S. Atty., Fort Wayne, Ind., James E. Keating, Asst. U. S. Atty., South Bend, Ind., Noble F. Schlatter, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

The appellant, Carl E. Kime, was indicted for failure to have in his personal possession, at all times, a registration certificate in violation of the provisions of the Selective Service Act of 1948, 50 U.S.C.A.Appendix, § 451 et seq., and of the rules and regulations made thereunder. Selective Service System Regulations No. 1617.1, 32 C.F.R. Chap. 16, 1949 Ed. After pleading not guilty, the appellant waived trial by jury, was found guilty by the court and was committed to the custody of the Attorney General, or his authorized representative, for the period of one year.

The record discloses that at the October Term, 1948, in the United States District Court for the Northern District of Indiana, South Bend Division, the federal grand jury indicted appellant for failure to register under the Selective Service Act of 1948. While that indictment (South Bend Criminal Cause No. 1668) was pending and undisposed of, the appellant being at liberty under bail, a regulation was promulgated authorizing the United States Attorney to register a person, in such circumstances, under the terms of the Selective Service Act and Regulations thereunder.

Pursuant to such regulation the District Attorney of the United States in and for the Northern District of Indiana, South Bend Division, registered the appellant with Draft Board Number 72, using information furnished by appellant's attorney in Cause No. 1668.

After appellant was thus registered on September 19, 1949, the Draft Board Number 72, sent him a registration card. Section 1617.1 of the Selective Service Rules and Regulations provides: "Every person required to present himself and submit to registration must have a Registration Certificate, SSS Form No. 2, in his personal possession at all times. The failure of any person to have such Registration

Certificate SSS Form No. 2, in his personal possession shall be *prima facie* evidence of his failure to register."

Thereafter in a letter dated December 11, 1949, appellant said to Draft Board Number 72:

"Dear Sirs:

"You are probably aware of the dispensation of my case and the resultant registration of the Assistant U. S. Attorney, Mr. Noble F. Schlatter, from information given him by my attorney, Mr. Francis Heisler. Such information was to be incorporated in the brief Mr. Heisler was to prepare for my defense in the charge that I had refused to present myself for registration at the time and place appointed by the President.

"On the basis of the registration the case against me had been dropped, and the bond had been returned. Also because of this registration you have sent me a registration certificate. However, it remains that I did not register and my feelings regarding registration, preparation for and participation in war have remained unchanged. Therefore I cannot conform with that part of the law requiring me to carry the aforesaid registration certificate in my possession at all times, nor will I advise the local board of any change of address.

"In accordance with this I am sending back the registration certificate."

The record here submitted for review establishes beyond the shadow of a doubt that appellant has deliberately violated the terms of the Selective Service Act and of the regulations made thereunder. This becomes crystal clear when we consider that appellant was registered under the Selective Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., and was for some time, under said Act of 1940, assigned to a public service camp as a conscientious objector. The present Act of 1948, 50 U.S.C.A.Appendix, § 456(j), provides in part: "Nothing contained in this title shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form * * *. Any person claiming exemption from combatant training and service because of such conscientious objections whose claim is sustained by the local board shall, if he is inducted into the armed forces under this title, be assigned to noncombatant service as defined by the President, or shall, if he is found to be conscientiously opposed to participation in such noncombatant service, be deferred * *."

Appellant must have known, therefore, that under the terms of the Act, Congress, as a matter of grace, had provided that conscientious objectors would not be called upon to perform either combatant service as a member of the armed forces of his country, or noncombatant service as a worker in a public service camp, when such service was contrary to their religious convictions. Yet in his letter he spurns the courtesy tendered him by the administrators of the Act, boasts that the fact remains that he did not register, and says: "I cannot comply with the law which requires me to carry the registration card in my possession at all times, nor will I advise the Board of any change of address."

On this appeal he contends that we should reverse the judgment below because in acting as he did he was guided by his religious beliefs. He urges further that if the Selective Service Act of 1948 and the Regulations made pursuant thereto, are held to obligate him to have a registration certificate in his personal possession at all times, the Act is violative of the First Amendment and therefore unconstitutional.

In our opinion neither contention of appellant is tenable.

A party's religious belief cannot be accepted as a justification for conduct which is made punishable by the law of the land. To permit such justification would be to make the professed doctrine of religious belief superior to the law of the land and in effect would permit every objector to become a law unto himself. Reynolds v. United States, 98 U.S. 145, 25 L.Ed. 244; Davis v. Beason, 133 U.S. 333, 10 S.Ct. 299, 33 L.Ed. 637; Hamilton v. Regents of University of Calif., 293

U.S. 245–268, 55 S.Ct. 197, 79 L.Ed. 343; Long v. State, 192 Ind. 524, 137 N.E. 49, 24 A.L.R. 1234, Annotation p. 1237.

This court held in United States v. Henderson et al., 180 F.2d 711–714, that the Selective Service Act of 1948 does not violate the First Amendment of the Constitution of the United States. In Cannon v. United States, 9 Cir., 181 F.2d 354–355, and in Richter v. United States, 181 F.2d 591–593, the Court of Appeals in the Ninth Circuit came to the same conclusion. See also Michener v. United States, 184 F.2d 712–714, in the Tenth Circuit. In this case we find no occasion to add to what was said in those opinions.

The judgment of the District Court is therefore affirmed.