UNITED STATES of America,
Plaintiff,

v.

Ronald Gene HERTLEIN,
Defendant.

No. 56–CR–48.

United States District Court
E. D. Wisconsin.

Aug. 9, 1956.

Edward G. Minor, U. S. Atty., and Arnold W. F. Langner, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Anna Mae Davis, Madison, Wis., for defendant.

GRUBB, District Judge.

The indictment charges the defendant, Ronald Gene Hertlein, with violations of the Universal Military Training and Service Act, Title 50 U.S.C.A.Appendix, § 462. Count I charges that the defendant refused and failed to report for an Armed Forces physical examination as ordered by his local board. Count II charges that the defendant failed and refused to report for induction as ordered on September 22, 1953. Count III charges that the defendant failed to carry in his personal possession his draft registration certificate. Count IV charges that the defendant failed to carry in his personal possession a valid notice of his classification on July 18, 1953, and thereafter.

The defendant registered with Selective Service on September 6, 1949. Approximately one year later, he completed his Selective Service Questionnaire. At that time he was a full-time university student. He indicated on his questionnaire that he was a conscientious objector.

On November 3, 1950, the defendant was classified IA–O. Thereafter, the defendant was given several II–S classifications because of his enrollment in college.

The defendant was classified IA–O on June 29, 1953, and was ordered by his local board to report for an Armed Forces Physical Examination on July 21.

A letter of seven typewritten pages sent by the defendant to his local board was received by the board on July 9, 1953. The defendant therein appealed his IA–O classification and indicated that he desired a I–O classification. Most of the letter was an explanation of the defendant's views on war and the current problems of the world. The defendant's objections to serving in the army were based on philosophical and humanitarian views rather than on religious belief. The local board never forwarded the appeal but instead reopened defendant's classification and reclassified him I–A on July 13, 1953.

On July 22, 1953, the board received a most unusual communication from the defendant. The defendant stated, among other matters, that:

"To be under any classification, be it IO or 4F, would automatically imply my approval and acceptance of the Selective Service System;

"I cannot conscientiously ask or allow the State to condenscendingly admit me to a special classification provided for a bothersome tiny mi-

nority of men 'who conscientiously object to war', * * *

"* * * I have no choice but to separate myself from the Selective Service System and proclaim that I no longer consider myself under its control. I thereby enclose my draft cards as an expression of my new freedom. I also will not report for my physical examination on July 21. These acts I do fully aware of their consequences."

Enclosed in the letter were defendant's registration certificate and five notices of classification. Among the classification cards was the notice of I–A classification issued on July 14, 1953. Defendant's classification card of June 29, 1953, showing a IA–O classification, was not returned to the board.

Defendant did not appeal from the I–A classification nor did he report for his physical examination. An order of the board that the defendant report for induction on September 22, 1953 was ignored by the defendant.

### Count I

There is no dispute as to the fact that the defendant failed to report for his Armed Forces Physical Examination on July 21, 1953. Defendant's letter of July 18, 1953, left little doubt that the defendant knew of his duty to report for the physical and that he would refuse to report on the day specified.

▮ The defendant had a duty to take his physical examination as ordered whether or not an appeal was pending. Section 1628.11, S.S. Regs., states:

"(b) In complying with such directive, the local board shall mail an Order to Report for Armed Forces Physical Examination * * * to registrants who have been classified in Class I–A, Class I–A–O, and Class I–O without regard to whether the registrants have requested or will request a personal appearance before the local board and *without regard to whether an appeal has*

*been or will be taken.*" (Emphasis supplied.)

Section 1628.16, S.S. Regs., clearly points out the registrant's duty to report for his physical examination when he is ordered to do so by his local board.

The court finds that the defendant has never reported for his Armed Forces Physical Examination and that his refusal to comply with the order of his local board has no legal justification. It is the verdict and judgment of the court that defendant is guilty as charged in Count I.

### Count II

The defendant failed to report for induction on September 22, 1953, as ordered by his local board. The testimony of the Chairman of defendant's local board was that no appeal was allowed from the IA–O classification, that it was the judgment of the board that defendant's letter received July 22, 1953, was in effect an abandonment of the appeal, that the file was sent to the appeal board in November 1953 as a matter of course because of the delinquency of the defendant, that such reference was in no way an appeal.

One issue before the court regarding this Count is whether, after a registrant has filed an appeal, the local board may reopen his classification and reclassify him, thus cutting off the registrant's original appeal and forcing the registrant to appeal from the new classification. The Selective Service Regulations do not give a clear-cut answer to the above question. Section 1625.2, S.S. Regs., provides:

"The local board may reopen and consider anew the classification of a registrant * * * (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification * * *."

That section says nothing about the power of the board to reopen and reclassify during the pendency of an appeal.

Section 1626.13, S.S. Regs., which relates to appeal procedure, does shed some light on this matter.

"*Immediately* upon an appeal being taken to the appeal board * * * the local board *shall* prepare the Individual Appeal Record * * * The local board shall carefully check the registrant's file to make certain that all steps required by the regulations in this chapter have been taken and that the record is complete." (Emphasis supplied.)

Subsection (b) provides:

"The file of a registrant who appeals * * * *shall* be forwarded by the local board to the appeal board * * *" (Emphasis supplied.)

Section 1626.14, S.S. Regs., states:

"The registrant's file shall be forwarded to the appeal board * * * immediately after the period provided in paragraph (c) of section 1626.2 for taking an appeal has elapsed and the local board has complied with the provisions of section 1626.13, *but in no event shall* the file be forwarded later than five days after the period for taking an appeal has elapsed." (Emphasis supplied.)

■ It is the opinion of this court that when an appeal is taken from a classification of the local board, the local board has then but one duty, namely, to immediately get the registrant's file in order and to forward it to the appeal board or appropriate agency. The provisions of sections 1626.13 and 1626.14 as they are now constructed are mandatory. The court believes that under the present Selective Service Regulations, an appeal from the action of a local board is similar to the appeal from a lower court of law. Thus, an appeal from a board classification takes away the power of the local board to take any further action regarding classification except, as will be explained later in this opinion, with regard to delinquents. Non-delinquent jurisdiction regarding classification has become vested in the appeal board. Any other result might well result in confusion to the registrants and lead to administrative chaos.

■ For the reasons stated above, it is the opinion of the court that the action of the local board in reclassifying the defendant to I–A when it did was invalid.

■ It is the claim of the government that regardless of the pendency of an appeal or any possible invalidity of defendant's I–A classification, when the defendant failed to report for his physical he became a delinquent and thus was eligible for immediate induction. The court finds merit in the government's contention.

The regulations in effect during the times herein material did not contain sections 1642.4 or 1642.10, S.S. Regs. Section 1642.4 provides that one who has failed to perform any duty required of him "may" be declared a delinquent. The board, if it takes such action, must make a record thereof on the registrant's Classification Questionnaire and must send the registrant a Delinquency Notice. Section 1642.10 contains a restriction on the classification and induction of delinquents. Under the prior regulations, therefore, no notice of delinquency had to be sent to the registrant nor was there any restriction on induction.

The court, after reading the applicable regulations, has concluded that when the defendant failed to report for his physical examination, he became a delinquent and subject to immediate induction. Indeed, the board had a duty to order him to report for induction. Section 1642.13 S.S. Regs., provides:

"The local board *shall* order each delinquent registrant * * * who is classified in or reclassified into Class I–A or Class I–A–O to report for induction in the manner provided in § 1631.7 * * *" (Emphasis supplied.)

The court finds no violation of procedure in the action of the draft board

in ordering the defendant to report for induction when it did so.

■ The defendant has urged that section 1626.41, S.S. Regs., is controlling under the facts of this case. That section provides:

"A registrant shall not be inducted either during the period afforded him to take an appeal to the appeal board or during the time such an appeal is pending."

That section is applicable to an appeal by a registrant in the ordinary case who is not a delinquent. This is made clear by section 1642.1, S.S. Regs., which provides:

"Delinquents * * * shall be governed by the provisions of this part and such other provisions of the Selective Service Regulations as are not in conflict therewith." (Emphasis supplied.)

Since section 1626.41 conflicts with section 1642.13, section 1642.13 takes precedence. This conclusion is bolstered by the fact that section 1642.14 relating to delinquents provides for separate personal appearance and appeal rights.

It is the verdict and judgment of the court, that the defendant is guilty as charged in Count II.

### Count III

■ The evidence established that the defendant failed to carry in his personal possession his registration certificate. Indeed, he returned said certificate to his local board with the advice that he no longer considered himself a part of the Selective Service System. The defendant claims that the registration certificate is merely proof of registration, and that since the defendant had registered and had a classification card in his personal possession which showed his name, number, local board and signature, the essence of the regulation was complied with. Section 1617.1, S.S. Regs., is clear on its face. It admits no exceptions or substitutions. This court feels that as

far as the law on failure to carry a registration certificate is concerned, it is bound by the decision of the Seventh Court of Appeals in United States v. Kime, 7 Cir., 1951, 188 F.2d 677, 678. The fact situation in that case is strikingly similar to that before this court. Kime, the defendant, was registered under an applicable law by the Federal District Attorney. Kime wrote a letter to his local board in which he said he could not conform to the law requiring him to carry his registration certificate. The Seventh Court of Appeals sustained Kime's conviction in the lower court and said:

"A party's religious belief cannot be accepted as a justification for conduct which is made punishable by the law of the land. To permit such justification would be to make the professed doctrine of religious belief superior to the law of the land and in effect would permit every objector to become a law unto himself."

It is the verdict and judgment of the court that the defendant is guilty as charged in Count III.

### Count IV

■ The defendant returned his Notice of Classification card, issued July 14, 1953, to his local board. That card was the last classification of the defendant issued by the board and showed that the defendant had been classified I-A. As we stated previously in discussing Count II, the board was without jurisdiction to reclassify the defendant at that time. The I-A classification was invalid. As a result, the defendant had no duty to carry that classification card.

The defendant did not return his IA-O classification card to his local board. The government has not proved beyond a reasonable doubt that the defendant did not carry said card with him at all times.

■ Because the court is not convinced that the government has established beyond a reasonable doubt that

the defendant did not carry his classification card IA–O at the times alleged in Count IV, it is verdict and judgment of the court that the defendant is not guilty as charged in Count IV.