**UNITED STATES of America,**
**Plaintiff,**

v.

**Michael John BILLINGSLEY, Defendant.**

**Cr. A. No. 1881.**

United States District Court
D. Delaware.

June 19, 1968.

Alexander Greenfeld, U. S. Atty., Wilmington, Del., for plaintiff.

Michael John Billingsley, pro se.

## OPINION

STEEL, District Judge:

Count I is based upon the alleged violation by defendant of 50 U.S.C. App. § 462(b) (3) which in effect makes it unlawful for a person to knowingly destroy a registration certificate or a notice of classification. The constitutionality of this statute was recently sustained in United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1967).

Count II is based upon the alleged failure of the defendant to have in his personal possession his registration certificate as required by Selective Service Regulation § 1617.1, and his notice of classification as required by § 1623.5, in violation of 50 U.S.C. App. § 462(a). In O'Brien v. United States, 376 F.2d 538 (1st Cir. 1967) the District Court had convicted the defendant for wilfully burning his registration certificate in violation of 50 U.S.C. App. § 462(b). Upon appeal it was held that this section violated the First Amendment. Nonetheless the Court of Appeals sustained defendant's conviction by virtue of his non-compliance with regulation § 1617.1 (requiring possession of registration certificate), holding that section to be constitutional. When O'Brien appealed to the Supreme Court this latter point was not passed upon since the Court upheld the conviction under § 462(b) which it determined to be non-violative of O'Brien's constitutional rights. O'Brien was not prosecuted for violating § 1623.5 and hence its constitutionality was not passed upon by any of the Courts.* There appears to be no constitutional distinction, however, between that section and section 1617.1, the constitutionality of which the Court of Appeals sustained.

United States v. Kime, 188 F.2d 677 (7th Cir. 1951), cert. denied, 342 U.S. 823, 72 S.Ct. 41, 96 L.Ed. 622, is consistent with the Court of Appeals' opinion in the O'Brien case in that it, too, upheld the constitutionality of an earlier statute, 50 U.S.C. App. § 451, which required a person to have in his possession at all times a registration certificate.

The evidence establishes facts beyond a reasonable doubt sufficient to sustain the allegations of Counts I and II. The registration certificate and notice of classification which defendant wilfully burned and failed to have in his possession thereafter were documents which were then currently in effect.

---

* In United States v. O'Brien, supra, the Supreme Court said:
"Although as we note below we are not concerned here with the nonpossession regulations, it is not inappropriate to observe that the essential elements of nonpossession are not identical with those of mutilation or destruction."

Defendant makes the argument that before the alleged occurrence of the acts specified in Counts I and II he had "disassociated" himself from the Selective Service System and declared his "non-co-operation" with it. This he claims to have done by letter dated December 4, 1967 mailed to Mr. Grasselli, of Local Board No. 3, and to Col. Clifford Hall, the Director of the Delaware Selective Service System, the last paragraph of which reads:

"I choose not to associate with such a system, and co-operation with it even to the extent of obeying its dictates is tacit condonation of its policies. Therefore, I refuse to recognize my certification and deferment by the Selective Service System and I will no longer keep notification of same in my possession."

■■ Because of this action, defendant argues, there was no need for him to refrain from burning or to retain in his possession his registration certificate or classification notice, and that if they were burned (as they undoubtedly were) their destruction was without relevance. By that time, defendant argues, their usefulness to the functioning or administration of the Selective Service System had ended because by his letter to Mr. Grasselli and Col. Hall he had terminated his connection with it.

One may not unilaterally determine to take himself outside of the requirements of the law and thus escape punishment for its violation. United States v. Kime, supra. There, after Kime had refused to register, the United States Attorney, acting under the terms of the Selective Service Act and regulations, registered for him. When defendant received his registration certificate he wrote the draft board stating that he would not keep his registration certificate in his possession or advise the board of any change in address. He said "I did not register and my feelings regarding registration, preparation for and participation in war have remained unchanged." Despite his announcement that he would have nothing to do with the System he was convicted for failing to have in his possession his registration certificate.

The action in Kime in renouncing any connection with the Selective Service System compares with that taken by the defendant in the instant case. Just as Kime was convicted for failure to have in his possession his registration certificate notwithstanding his unilateral action in "disassociating" himself with the System, so the action of the defendant in the instant case is of no avail to him as a defense. Defendant's theory, predicated as it is upon the right of a person to avoid compliance with a statutory duty, simply by announcing he is unsympathetic with a system of which it is a part, is unacceptable sophistry.

■ When defendant burned his registration certificate and notice of classification he had been classified IV-F and was under no immediate threat of being called up for service. It may be assumed that defendant believes in all good conscience that involuntary subscription is immoral and unjust. His motives in opposing it may be of the highest. Like any other resident of this country he is entitled within the law to express with impunity his dissent from the system. He is free to do more—namely to violate the law when the dictates of his conscience demand. But if he does he must stand ready to pay the penalties which the law imposes for its violation.

Compliance and respect for law is the bedrock on which this country is built. Without it the right to dissent which defendant and others so frequently assert would be meaningless. To permit a person who disregards the law to go unpunished, simply because it may offend his moral scruples or sense of justice, would eliminate the need for law and anarchy would prevail. There are over 200,000,000 people in the United States. Undoubtedly millions are unsympathetic with one or more of the laws under which they live. Unanimity of view in a country of this size is not possible. But in a broad sense the laws represent the

collective conscience of the nation. Under our form of Government there are ways by which laws, if sufficiently unpopular, may be constitutionally changed. Disobedience to them is not an acceptable alternative. This country under its present form of Government would not long endure if disobedience of a law for reasons of conscience were a valid defense to one prosecuted for its violation.

The foregoing considerations have caused me orally to deny the motion of the defendant for an acquittal and to find him guilty under Count I and under Count II.