Polson v. The State.

## No. 16,952.

## Polson v. The State.

CRIMINAL LAW.—*Verdict, Sufficiency of.*—*Assault and Battery With Intent to Commit Rape.*—In a prosecution for assault and battery with intent to commit the crime of rape, the verdict, which was: "We, the jury, find the defendant guilty of assault and battery with intent to commit the crime of rape, and we further find that he should be confined in the State prison, etc.," is not insufficient for failure to contain the phrase, "as charged in the indictment."

SAME.—*Verdict.*—*Intendment.*—*Construction.*—*When Not Avoided.*—A verdict is to have a reasonable intendment and a reasonable construction, and will not be avoided except from necessity; and will not be bad for informality, if the court can understand it.

SAME.—*Assault and Battery With Intent to Commit a Rape.*—*Rape.*—*Felonies of Same Class.*—*Election of State.*—The crime of assault and battery with intent to commit a rape, and the crime of rape, are both felonies belonging to the same class, and where the State has elected to proceed on a charge of the former crime, the defendant can not object because the evidence shows him also guilty of the latter crime.

SAME.—*Evidence.*—*Rape.*—*Failure of Child to Complain to Her Mother of Injuries.*—In such case, it was not error to permit the injured party (being under the age of twelve years) to state the reason why she did not complain of her injuries to her mother.

SAME.—*Evidence.*—*Complaints Made to Others by Injured Party.*—Nor was it error to permit the injured party to state the fact that she made complaint to others of the outrage that had been committed upon her.

SAME.—*Evidence.*—*Expert Testimony.*—*Res Gestæ.*—*Results of Examination.*—*Rape.*—In such case, it was not error to permit the physician who examined the injured party to describe her then condition, and to give his opinion as an expert; nor was it error to permit her mother to testify that she examined her, and to state her condition at the time, and complaints made of physical suffering at the time of such examination are admissible as part of the *res gestæ.*

SAME.—*Evidence.*—*Rape.*—*Communication of Loathsome Disease by Defendant to His Wife.*—*Confidential Relations.*—It was competent, in such case, for the wife of the defendant to testify that he had communicated to her a loathsome venereal disease; such conduct on his part being a gross breach of his duty as a husband, he could not shield himself from exposure in a court of justice, where such fact became material evidence, on the ground that such testimony was a

breach of the confidential relations existing between husband and wife.

SAME.—*Affidavit and Information.*—*Sufficiency.*—*Assault and Battery With Intent to Commit a Rape.*—Where, in an affidavit for assault and battery with intent to commit a rape, the assault and battery is charged in the language of the statute creating that offense, and the felony, the intent to rape, which existed at the time the defendant committed the assault and battery, is described in appropriate terms, the affidavit is sufficient.

EVIDENCE.—*Leading Questions.*—*When Permissible.*—It is not reversible error to permit questions which are somewhat leading to be propounded to a witness who is young and inexperienced, where it does not appear that any injury resulted to appellant by reason of that fact.

From the Allen Circuit Court.

*S. M. Hench*, for appellant.

*A. G. Smith*, Attorney-General, *D. L. Cady* and *F. W. Cady*, for State.

COFFEY, J.—The appellant was prosecuted, in the Allen Circuit Court, upon an affidavit and information consisting of four counts.

The first and second counts charge him with assault upon one Laura Dillon, a female child under the age of twelve years, with the intent to commit the crime of rape, and the third and fourth counts charge him with assault and battery upon the same person, with a like intent.

Upon a trial of the cause, the jury returned the following verdict: "We, the jury, find the defendant guilty of assault and battery with intent to commit the crime of rape, and we further find that he should be confined in the State prison for the period of five years, and fined in the sum of $5."

It is contended by the appellant, that this verdict is defective, and should have been set aside by the trial court, because it does not recite that the jury found the

appellant guilty as charged in the affidavit and information.

The verdict does show upon its face, that the jury found the appellant guilty of assault and battery with intent to commit the crime of rape, and that is the charge made against him in the affidavit and information. It is true that the recital suggested, which is usual in verdicts, would have removed all doubt, but we do not think we are authorized to assume that the jury found the appellant guilty of a crime with which he was not charged and upon which he was not tried.

We must presume that the jury found the appellant guilty of the assault and battery, for which they were sworn to try him, and the failure to recite that fact in their verdict, if it be a defect, is one which could not injure him. *Kennegar* v. *State*, 120 Ind. 176; *Beggs* v. *State*, 122 Ind. 54.

A verdict is not bad for informality, if the court can understand it. It is to have a reasonable intendment and is to receive a reasonable construction, and must not be avoided except from necessity. *Chambers* v. *Butcher*, 82 Ind. 508; *Daniels* v. *McGinnis, Admr.*, 97 Ind. 549.

At the proper time the appellant moved the court that he be discharged on the ground that the evidence in the cause, on behalf of the State, proved that he was guilty of the crime of rape, and not assault and battery with the intent to commit the crime of rape, as charged in the affidavit and information.

The motion was overruled, and an exception reserved. The appellant also prayed the court, at the proper time, to instruct the jury, if they found from the evidence in the case that he was guilty of the crime of rape, that he could not be convicted of the charge of assault and battery with the intent to commit such crime; but the court refused to so instruct them, and instructed them that as-

sault and battery with intent to commit the crime of rape was included in the crime of rape, and that if they were satisfied from the evidence, beyond a reasonable doubt, that he was guilty of rape they might, under the affidavit and information in the cause, find him guilty of assault and battery with the intent to commit that crime.

It is contended by the appellant that the circuit court erred in these rulings.

The contention of the appellant is against the holding of this court in the case of *Hamilton* v. *State*, 36 Ind. 280.

It is true that a misdemeanor may be merged in a felony, but as a general rule one felony is not merged into another; especially is this true where the felonies are of the same grade.

The crime of assault and battery with intent to commit a rape, and the crime of rape, are both felonies belonging to the same class. It is impossible to conceive of a rape without an assault and battery for that purpose.

The crime of rape necessarily includes an assault and battery with the intent to commit a rape. As the appellant has violated the statute making it a felony to commit an assault and battery with the intent to commit a rape, and also the statute making it a felony to commit a rape, the State has the right to elect on which statute it will proceed, and it is not for him to say that he shall not be punished under the statute on which the State has chosen to charge him. Wharton's Am. Cr. Law, sections 565, 566.

In our opinion the court did not err in the rulings above referred to.

During the progress of the trial, many objections to the admissibility of testimony were made by the appellant and overruled by the court, to which exceptions were reserved.

It was not error to permit the injured party to state

the reason why she did not complain of her injuries to her mother.

It may be supposed that it would have been natural to make complaints to the mother, but, as this was not done, we can conceive of no good reason why the injured party should not be permitted to explain why this natural course of conduct was not pursued, if any reason for it existed.

Whether the reason was a good one, or otherwise, was a question for the jury.

Some of the questions propounded by the State to Laura Dillon, the injured party, were somewhat leading in form, but it does not appear that any injury resulted to the appellant by reason of that fact.

The witness was young and inexperienced, and by reason of this fact we presume the trial court thought it necessary to relax the rule, to some extent, as to the form of the questions to be propounded to her.

It was not error to permit the injured party to state the fact that she made complaint to others of the outrage that had been committed upon her. The court was careful to exclude any conversation had between her and the parties to whom she complained, and confined the evidence to the fact that complaint was made. *Thompson* v. *State*, 38 Ind. 39.

There was no error committed by the court in permitting the physician who examined Laura Dillon, the injured party, to describe her condition at the time of such examination, and to give his opinion as an expert. *Louisville, etc., R. W. Co.* v. *Wood*, 113 Ind. 544.

Nor was it error to permit the mother of the injured party to testify that she examined her, and to state her condition at the time. What complaints she made as to physical suffering at the time of such examination were

also admissible, as it was explanatory of her then condition.

This testimony was confined to her then condition, and had no reference to past suffering.    It was *res gestæ*, and, therefore, we think it was clearly admissible.

The court did not err, in our opinion, in permitting the wife of the appellant to testify that he had communicated to her a loathsome venereal disease, on the ground that such testimony was a breach of the confidential relations existing between husband and wife.    Such conduct on his part was a gross breach of his duty as a husband, and he could not, therefore, shield himself from exposure in a court of justice, where such fact became material evidence in a cause, on the ground that it was a confidential communication.

There were thirty-five reasons assigned by the appellant for a new trial, the greater number of which relate to the admissibility of testimony.    We have given them all a careful consideration, and find that all those not noticed above are technical and frivolous in character, and are wholly without merit.    No good purpose would be subserved by setting them out in detail in this opinion.    It is sufficient, we think, to say of them, as a whole, that the court did not err in the matters of which the appellant complains.

The appellant complains of the action of the court in instructing the jury that he could be found guilty of the charge preferred against him in the affidavit and information in this cause, though the evidence might prove he was guilty of a rape, but from what has already been said, in these instructions  there was no error.    After carefully reading the instructions in this case, we feel that they were as favorable to the appellant as he had the right to ask, and that they contain no error of which he can complain.

The appellant also contends that the circuit court erred in overruling his motion in arrest of judgment. The motion is based upon the supposed insufficiency of the third and fourth counts of the affidavit and information. These counts are substantially alike. The third count is as follows:

"Third count. Margaret Polson, on her oath, says that on the 17th day of March, A. D. 1892, at the county of Allen, and State of Indiana, John Polson did then and there unlawfully, in a rude and insolent manner, touch, strike and wound Laura Dillon, a female child under the age of twelve years, to wit: of the age of ten years, with intent then and there and thereby to feloniously and unlawfully ravish and carnally know her, the said Laura Dillon," etc.

The objection urged against this affidavit is that the word "feloniously" does not precede the charge of assault and battery. This objection, we think, is untenable. The assault and battery is charged in the language of the statute creating that offense, and the felony, which the appellant intended to commit at the time he committed the assault and battery, is described in appropriate terms. This affidavit is not only sufficient, but it is, in our opinion, a model criminal pleading, worthy of emulation on account of its clearness and brevity.

The evidence in the cause tends to sustain the verdict of the jury, and the verdict, for that reason, can not be disturbed by us on the evidence.

We have carefully considered all the objections urged by the appellant for a reversal of the judgment in this case, but have been unable to find any error in the record which entitles him to such reversal.

Judgment affirmed.

Filed Dec. 21, 1893; petition for a rehearing overruled May 8, 1894.