## GORDON *v*. STATE OF INDIANA.

[No. 22,125. Filed May 28, 1912.]

1. RAPE.—*Elements of Crime.*—A charge of rape necessarily includes a charge of assault and battery for that purpose. p. 690.
2. RAPE.—*Affidavit.*—*Sufficiency.*—An affidavit charging the commission of rape on a female child under the age of sixteen years, is sufficient to sustain a verdict of guilty of assault and battery with intent to commit rape, without directly charging that the carnal knowledge was forcibly had. p. 691.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Prosecution by the State of Indiana against Harry Gordon. From a judgment of conviction, the defendant appeals. *Affirmed.*

*James S. Pritchett,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

SPENCER, J.—The appellant, Harry Gordon, was tried by a jury in the court below on the following affidavit: "Harry Adams, who being duly sworn according to law, upon his oath says, That on or about the 1st day of June, in the year 1911, at the County of Knox and State of Indiana, Harry Gordon, did then and there unlawfully and feloniously make an assault in and upon one Louise Bouchie, then and there being a female child under the age of sixteen years, to wit, of the age of fifteen years, and did then and there

feloniously and unlawfully, ravish and carnally know her, the said Louise Bouchie, contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State of Indiana.''

The jury returned their verdict as follows: ''We, the jury, find the defendant, Harry Gordon, guilty of assault and battery with intent to commit a rape upon Louise Bouchie.''

Appellant filed a motion in arrest of judgment, which motion was overruled.

The court rendered judgment on the verdict, committing appellant to imprisonment in the Indiana Reformatory for a period of from two to fourteen years.

Appellant in his brief says: ''Only one question will be argued in this brief, and that question arises under each of the four assignments of error. It may be briefly stated thus: 'Will an affidavit charging rape on a female child under the age of sixteen years, which does not in terms contain a charge of assault and battery, support a verdict and judgment of guilty of assault and battery with intent to commit rape?' ''

The answer to appellant's question will, therefore, be decisive of this appeal. It has been repeatedly held that every charge of rape necessarily includes a charge of an

1. assault and battery. *Mills* v. *State* (1875), 52 Ind. 187; *Murphy* v. *State* (1889), 120 Ind. 115; *Richie* v. *State* (1877), 58 Ind. 355; Ewbank, Crim. Law, §771.

Counsel for appellant insist that the above rule of law does not apply here, for in this case the female was under the age of sixteen years, and, while she could not consent to the rape, she might consent to the assault and battery; and, therefore, in order to support the verdict in this case, the affidavit should have charged that the carnal knowledge was forcibly had.

In *Polson* v. *State* (1894), 137 Ind. 519, this court said: ''It is impossible to conceive of a rape without an assault

and battery for that purpose. The crime of rape necessarily includes an assault and battery with intent to commit a rape."

The question raised by appellant was decided against his contention in the case of *Hanes* v. *State* (1900), 155 Ind. 112. In the course of the opinion the court said on page 120: "The point of insistence is that, 'there can be no assault and battery where it is perpetrated with the consent of the person assaulted' * * * When perpetrated against a female child under fourteen years of age, consent or nonconsent forms no element of the crime. The crime is the same whether committed forcibly and against the will or with the voluntary submission of the child. In either case it is a felony. Furthermore any touching of the person of a female child under the age of fourteen years, with intent to perpetrate upon her the act of sexual intercourse, is, and necessarily must be, in legal contemplation, without her consent, for she can give no consent that will make the act lawful. Hence any indecent liberties taken of the person of the child, in the prosecution of that intent and purpose, is unlawful, and rude and insolent, to say the least of it, and clearly within the definition of assault and battery."

The affidavit is sufficient to support the verdict of the jury.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 627. See, also, under (1) 33 Cyc. 1442; (2) 33 Cyc. 1453. As to assault, and other offenses, against a consenting person, see 80 Am. Dec. 355; 72 Am. St. 700.