### CRONIN v. STATE OF INDIANA.

[No. 23,770. Filed October 29, 1920.]

1. INDICTMENT AND INFORMATION.—*Included Offenses.*—*Rape.*—Under a charge of rape there may be a conviction of assault and battery with intent to commit rape, since the former is the accomplished offense of the latter. p. 570.

2. RAPE.—*Attempt.*—*Instructions.*—In a prosecution for rape, an instruction that if the state had satisfied the jury beyond a reasonable doubt that accused had sexual intercourse with the prosecuting witness, or that he laid his hands upon her with the intent and purpose of having sexual intercourse with her, as charged in the affidavit, she being under the age of sixteen years, that the state had made out a case, *held*, misleading and incorrect as applied to the case at bar since there may be an assault and battery with intent without accomplishing rape. p. 570.

3. CRIMINAL LAW. — *Rape.* — *Forms of Verdict.* — *Instructions.* — Where rape is charged, an instruction should not be given limiting the jury to one of the two forms of verdict, guilty as charged or not guilty, when there is evidence from which the jury might have found the accused guilty of assault and battery with intent to commit rape. p. 571.

From Perry Circuit Court; *Henry F. Fulling,* Special Judge.

Prosecution by the State of Indiana against Otha Cronin. From a judgment of conviction, the defendant appeals. *Reversed.*

*Cody & Corbin,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

MYERS, J.—Appellant, in the Perry Circuit Court, was convicted of rape upon a fifteen year old girl, in violation of §2250 Burns 1914, Acts 1913 p. 267. He was sentenced to pay a fine of $200 and to imprisonment in the state prison from two to twenty-one years.

The overruling of his motion for a new trial is here assigned as error.

Appellant in support of his motion for a new trial insists that instructions numbered 8 and 11, given to the jury by the court on its own motion, were erroneous and harmful.

"Instruction 8:—I instruct you that if the state of Indiana has satisfied you beyond a reasonable doubt that the defendant had sexual intercouse with the prosecuting witness, or that he laid his hands upon her with the intent and purpose of having sexual intercourse with her, as charged in the affidavit, and that she was at the time under sixteen years of age, then the state has made out a case."

Instruction No. 11 had reference to the forms of verdict, two in number, one in case the jury found the defendant guilty as charged, and the other a general form of not guilty. The court told the jury that these two forms would meet its finding in any event.

Instruction No. 8 was taken from an approved instruction given in the case of *Hanes* v. *State* (1900), 155 Ind. 122, 57 N. E. 704. In that case the charge was an assault and battery with intent to commit rape upon a girl fourteen years of age. Appellant Hanes questioned the correctness of two instructions given to the jury. Both instructions were to the same effect. In substance, they told the jury that, if it was satisfied that defendant did actually have sexual intercourse with the prosecuting witness on the occasions claimed the state's case would be made out. It was claimed that there was no evidence that sexual intercourse had actually occurred. After reviewing the evidence, this court reached the conclusion that there was some evidence tending to prove sexual inter-

course, and approved the instructions upon the theory that the crime thus covered included the crime charged.

The instructions of which complaint was made in the Hanes case, when considered in connection with the crime charged in that case, and instructions Nos. 8 and 11, when considered together and in connection with the crime charged in the case at bar, present entirely different questions.

Our Code of criminal procedure, §2147 Burns 1914, Acts 1905 p. 584, provides that: "Upon an indictment or affidavit for an offense consisting of

1. different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or affidavit and guilty of any degree inferior thereto or of an attempt to commit the offense."

The crime of rape and the crime of assault and battery with intent to commit rape are both felonies, but carry different punishments. Rape is the accomplished offense of an assault and battery with intent to commit that crime, thus the reason for the rule that a charge of rape includes the offense of assault and battery with intent. *Jones* v. *State* (1889), 118 Ind. 39, 20 N. E. 634; *Murphy* v. *State* (1889), 120 Ind. 115, 22 N. E. 106; *Polson* v. *State* (1894), 137 Ind. 519, 35 N. E. 907; *Hanes* v. *State, supra; Gordon* v. *State* (1912), 177 Ind. 689, 98 N. E. 627.

The reverse of this rule is not true, for there may be an assault and battery with intent without accomplishing rape. Hence an instruction to the

2. effect that, if the jury is satisfied beyond a reasonable doubt that a defendant charged with rape is guilty of acts constituting assault and battery with intent to commit rape, it would be authorized to

find such defendant guilty as charged, would be error, although "the state has made out a case," but the case thus made out would not authorize a conviction of a defendant charged with a felony calling for a more severe punishment. Instruction No. 8 was misleading and incorrect as applied to the case at bar.

The effect of instruction No. 11 was to confine the jury to one of the two forms of verdict furnished it— guilty as charged or not guilty—when there was

3. evidence before the jury from which it might have found appellant guilty of assault and battery with intent to commit rape. As applied to the instant case, we cannot approve the questioned instructions, nor are we prepared to say that they were not harmful.

Judgment reversed, cause remanded, with instructions to grant a new trial, and for further proceedings not inconsistent with this opinion.