## BENEDICK *v.* STATE OF INDIANA.

[No. 24,043.    Filed April 3, 1923.]

CRIMINAL LAW.—*Appeal.*—*Absence of Evidence from Record.*— *Erroneous Instruction.*—*Affirmance.*—In a prosecution for robbery, the giving of an erroneous instruction upon the question of reasonable doubt *held* not reversible error, where the evidence is not in the record, so that the court on appeal cannot say that the evidence does not point so unerringly to the guilt of the defendant that it might be said that the giving of the instruction prejudiced the substantial right of defendant.

From Lake Criminal Court; *Martin J. Smith,* Judge.

Prosecution by the State of Indiana against Peter Benedick.    From a judgment of conviction, the defendant appeals.    *Affirmed.*

*William J. McAleer, Francis J. Dorsey* and *Gerald A. Gillett,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, C. J.—Appellant was charged in an affidavit with the crime of robbery, upon a trial of which the jury returned a verdict of guilty against him; and from the judgment upon the verdict he appeals, and assigns as error the overruling of his motion for a new trial, based upon alleged errors committed by the court, by the giving of each of two instructions.    The evidence is not in the record.

The first instruction complained of is in the exact language of instruction No. 16 which this court considered at this term in the case of *Cunacoff* v. *State* (1923), *ante* 62, and upon the authority of that case the instruction is held to be not erroneous.    That part of the other instruction complained of, which is upon the question of reasonable doubt, is in the same language as the

instruction upon reasonable doubt considered at this term in the case of *Boughan* v. *State* (1923), *ante* 66; and *Cunacoff* v. *State, supra.* This instruction is burdened with the same infirmity and is subject to the same interpretation as stated in the case of *Boughan* v. *State, supra,* but in as much as the evidence is not in the record it is impossible to say that the evidence does not point so unerringly to the guilt of the defendants that it might be said that the giving of this instruction did prejudice the substantial rights of the defendant.

Judgment affirmed.