CHESTERFIELD v. STATE OF INDIANA.

[No. 24,210. Filed December 11, 1923. Rehearing denied February 19, 1924.]

1. CRIMINAL LAW.—*Examination of Witnesses.—Error in Question Cured by Instructions.*—Error in asking a question of a witness in a prosecution for rape, as to whether prosecutrix had complained to her of defendant's mistreating her, which question was not answered, is sufficiently cured by an instruction to the jury to disregard the question and not to speculate upon the probable answer. p. 287.

Chesterfield v. State—194 Ind. 282.

2. CRIMINAL LAW.— Instructions.— Incompleteness Waived by Failure to Tender Instructions.—If defendant requested no instructions, and the instructions given were correct and applicable to the issues and evidence, no error is shown because they were not as full and complete as defendant was entitled to, upon request.  p. 288.

3. CRIMINAL LAW.— Briefs.— Instructions.— Presumption from Omission.—If the brief of appellant does not contain all the instructions given by the court, but only those he questions, the court would be justified in presuming that any curable error was cured by other instructions.  p. 288.

4. CRIMINAL LAW.— Instructions.— Excluding from Jury Consideration of Law.—An instruction concerning the manner of arriving at a unanimous verdict on the guilt or innocence of the defendant, which tells the jury that if all members are convinced beyond a reasonable doubt, "from the entire evidence" of the guilt of defendant, there can be no acquittal, is not erroneous as excluding from the jury the consideration of the law of the case as well, in view of other instructions calling their attention to the law, and to their duty to determine the law.  p. 288.

5. CRIMINAL LAW.—Instructions.—Considering Affidavit as Evidence.—In instruction which directs the jury to carefully consider whether defendant is guilty "as charged in the affidavit" is not open to the objection that thereby the jury may have been led to consider the affidavit as evidence of guilt, in view of the fact that another instruction expressly charges that the affidavit is not to be considered as evidence.  p. 290.

6. RAPE.— Crimes Included.— Instructions.— Waiver by Failure to Tender.—An instruction in a prosecution for rape informed the jury that the charge of rape included also the charge of assault and battery with intent to commit rape, and assault and battery; defendant not tendering an instruction advising the jury of other lesser crimes included, cannot complain of its incompleteness.  p. 290.

7. RAPE.—Statute.—Element of Force in Attempt to Commit Rape.—The provision in §2250 Burns' Supp. 1921 defining attempted rape as an assault and battery upon a female with intent to have carnal knowledge forcibly and against her will, applies to only one of the four distinct crimes of rape defined in the same section, to wit, the carnal knowledge of a woman forcibly against her will, since that is the only one in which the element of force is essential.  pp. 291, 295.

8. RAPE.— Statutory.— Attempt to Commit.— An assault and battery with intent to commit any of the distinct crimes of

rape defined in §2250 Burns' Supp. 1921 in which force is not an element of the offense, to wit; rape upon a child under sixteen years of age, upon an insane or feeble-minded woman, or upon an inmate of the Woman's prison or the Girls' school, is governed by §2240 Burns 1914, defining assault and battery with intent to commit a felony. p. 293.

9. RAPE.—*Indictment.*—*Lesser Crimes Included in Charge.*—An indictment charging rape of a girl under sixteen years of age, force not being charged, does not include a charge of assault and battery with the intent to commit a rape by force. p. 293.

10. RAPE.—*Assault and Battery with Intent to Commit.*—*Girl Under Age of Consent.*—An assault and battery committed on a girl under the age of consent, with the intent to have carnal knowledge, is a felony and non-consent is not an element of the crime. p. 294.

11. CRIMINAL LAW.—*Evidence.*—*Corroboration of Prosecutrix in Rape Prosecution.*—An instruction in a prosecution for rape that the jury is to determine the weight and credibility of the testimony of the prosecutrix by the same rules as any other witness, and that if convincing beyond a reasonable doubt, it is sufficient without corroboration, correctly states the law, and is not open to the objection that it led the jury to believe they might consider her evidence alone, in view of other instructions where they were told they were to consider the entire evidence. p. 294.

12. CRIMINAL LAW.—*Instructions.*—*Tried by Law of Indiana.*—An instruction in a criminal prosecution for the violation of a statute, which instructs the jury that they are to try the case solely by the law of Indiana, is not improper. p. 295.

13. RAPE.—*Assault with Intent to Commit.*—*Instructions.*—*Harmless Error.*—In a prosecution for rape of a girl under the age of consent in which no force was charged, an instruction which erroneously stated that the statute governing the assault and battery with intent to rape, applicable to the case, was §2250 Burns' Supp. 1921, which defines assault and battery with intent to commit rape by force and against the will, was harmless to the appellant and favorable to him, since if the jury believed there could be no conviction unless force and absence of consent were proved, and that upon conviction the punishment was more severe than it really was, this only increased the burden on the state and made conviction more difficult. p. 295.

14. CRIMINAL LAW.—*Instructions.*—*Consideration of Good Reputation of Defendant.*—An instruction concerning the consideration to be given to the good reputation of the defendant is correct, which tells the jury that if, after considering all the

evidence they find beyond a reasonable doubt that he is guilty as charged, then the fact that his reputation for peace and quietude is good, will not avail him as a defense, since it correctly states the law and does not exclude from the jury the consideration of such evidence in fixing the punishment. p. 296.

15. CRIMINAL LAW.—*Instructions.—Proof of Elements of Crime.* —An instruction was correct which told the jury that if they believed from. all the evidence that all the elements of the alleged crime charged in the affidavit, as defined in the instruction, had been proved beyond a reasonable doubt, and that these facts, under the laws of the state, constituted a crime as charged in the affidavit, they should convict. p. 297.

16. CRIMINAL LAW.—*Instructions.—Consideration by Jury.—*An instruction concerning the duty of the jury to determine the law of the case, which advises them that they may reject the instructions concerning the law and determine it for themselves, and that they should weigh the instructions as they weighed the evidence and disregard neither without proper reason, is not erroneous. p. 297.

17. CRIMINAL LAW.—*Instructions.—Reading from Law Books.—* An instruction that it was proper for counsel to read from law books and discuss the law, but that the same was merely argument, is correct as far as it goes, and if the defendant desires an instruction as to the consideration to be given to the argument of counsel, he should request it. p. 297.

18. CRIMINAL LAW.— *Instructions.— Weight to be Given Decisions of Supreme Court.*—The jury may be instructed that the decisions of the Supreme Court are no more binding on them than the instructions of the court, although both are entitled to great respect, and that they are to follow the law as they conscientiously find it to be. p. 298.

19. CRIMINAL LAW.—*Instructions.—Consideration of Facts and Law.*—An instruction is not open to the objection that it excludes from the jury the consideration of the law and restricts them to the evidence alone, which says: "if, after a careful consideration of the law and the evidence in the case, you are satisfied beyond a reasonable doubt, upon the whole evidence, that the defendant is guilty, etc." p. 298.

20. RAPE.—*Evidence.—Sufficiency to Sustain Verdict.—*A verdict of assault and battery with intent to commit rape in a prosecution for statutory rape, is sufficiently sustained upon the evidence of the prosecutrix of the commission of the crime, and evidence that she.was under sixteen years of age. p. 298.

21. INDICTMENT.—*Conviction of Included Crime.*—There may be a conviction of assault and battery with intent to commit a felony, although the felony is actually committed. p. 298.

22.  RAPE.—*Conviction of Included Crime.—Judgment.*—On conviction of assault and battery with intent to commit rape of a girl under the age of consent, when no force is charged, the judgment will be governed by §2240 Burns 1914, and a sentence of imprisonment for from five to twenty-one years is erroneous, and should be modified.  p. 299.

From Clay Circuit Court; *Thomas W. Hutchison,* Judge.

Roy Chesterfield was convicted of assault and battery with intent to rape, and he appeals. *Reversed with instructions to modify the judgment.*

*Rawley & Baumunk, Knight & Miller* and *Edward H. Knight,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GAUSE, J.—This was a prosecution by the state against the appellant, in which he was charged by affidavit with the crime of rape upon a female child under the age of sixteen years.

The charging part of the affidavit alleges that the appellant "did then and there at and in said county and state, unlawfully and feloniously make an assault in and upon one Grace Shultz then and there being a female child under the age of sixteen years, to wit: thirteen years of age, and did then and there feloniously and unlawfully ravish and carnally know her, contrary," etc.

To this affidavit the appellant pleaded not guilty and upon a trial by the jury he was convicted of assault and battery with intent to rape, by a verdict which was as follows: "We, the jury, find the defendant guilty of assault and battery with intent to rape, as charged in the affidavit, and that he is eighteen years of age; that he be fined $500 and imprisoned in the state's prison."

The appellant filed a motion for a new trial, which

was overruled. The court thereupon fined the appellant $10 and sentenced him to the Indiana reformatory for not less than five years nor more than twenty-one years. The appellant then moved the court to modify the judgment, which the court overruled.

The appellant assigns as error the overruling of the motion for a new trial, and also the overruling of the motion to modify the judgment.

The first point sought to be made by the appellant relates to the action of the court in refusing to set aside the submission of the cause and discharge the jury, because of alleged misconduct of the prosecuting attorney in asking the witness, Clarice Roby, an improper question, which action is made a part of the record by a bill of exceptions. The question asked by the prosecuting attorney was as follows: "And tell the jury whether or not in that conversation Grace Shultz made complaint to you about Roy Chesterfield mistreating her?"

The appellant's objection to this question was promptly sustained. Thereupon the appellant asked that the submission be set aside and the jury discharged.

The court took this motion under advisement until the next day, when he overruled the motion, but instructed the jury that the question was incompetent and should not have been asked; that the jury was not to consider it for any purpose or discuss it or speculate as to what the answer might or might not have been, and generally that evidence excluded and arguments of counsel thereon should not be considered by the jury.

The action of the court in giving this instruction was as favorable an action as the appellant was entitled to.

1. The jury were told in a clear and forcible manner that the question was improper and should not have been asked, and that they were to en-

tirely disregard it. Even if the question had been answered and afterwards the evidence stricken out by the court and the jury admonished to disregard it, the error in admitting it would have been cured, unless it was affirmatively shown that it harmed the appellant. *Madden* v. *State* (1897), 148 Ind. 183. In this case the question was not answered and the court by its instruction to the jury cured any harm that the mere asking of the question may have done.

All but one of the other questions raised by appellant in his motion for a new trial are based upon objections to certain instructions given to the jury by the court.

The appellant did not request any instructions, so if the instructions given are applicable to the issues and evidence and are correct as far as they go, then no error is shown if they were not as full and complete as the appellant would have been entitled to upon request.

The appellant has not set out in his brief all the instructions given by the court, but only those he questions, so that we would be justified in presuming that any curable error was cured by other instructions. However, we have examined all the instructions that are in the record.

The first instruction questioned is instruction No. 3, which is as follows: "As I have just intimated to you, the law contemplates the concurrence of the minds of all of the jury in their verdict. The theory and object of the trial by jury is to give the parties to the action the united and conscientious judgment of twelve men. The jury should make an honest effort to bring their minds together, and agree upon a verdict, either of guilty or not guilty, if that can be done without the violation of any of their conscientious opinions, and thus avoid a retrial of the case.

You should ever keep in mind, however, that the verdict of a jury should be the result of an intelligent exercise of the reasoning powers and the judgment of twelve men, in an honest desire to arrive at the truth. As long as any member of the jury entertains a reasonable doubt as to the guilt of the defendant, he should refuse to agree to a verdict of guilty, and there can be no conviction.   On the other hand, as long as any member of the jury believes and is convinced beyond a reasonable doubt, from the entire evidence, that the defendant is guilty, as charged in the affidavit, he should refuse to agree to a verdict of not guilty, and there can be no acquittal.   In every trial by jury in the circuit court, be it in a civil or in a criminal action, all of the jury must agree thereto before a verdict can be returned into court."

The appellant's objection to this instruction is that it told the jury that as long as any member of the jury believes and is convinced beyond a reasonable doubt, *from the entire evidence*, that the defendant is guilty, as charged in the affidavit, he should refuse to agree to a verdict of not guilty, the appellant claiming that this instruction limits the jury to a consideration of the evidence alone, instead of the law and the evidence.

In this instruction the court was referring to the question as to whether the appellant did or did not do the act charged, which the jury is to determine from all the evidence, and if the evidence proved beyond a reasonable doubt that he did commit the acts charged, he was guilty.   The court in instruction No. 24 told the jury that if they believed all the elements of the alleged crime charged in the affidavit had been proved beyond a reasonable doubt, and that if they further believed, "that these facts, under the law of the State of Indiana constitute a crime as charged in the affidavit, then it

will be your duty to convict," etc.   In several other instructions the jury were told in substance that they were bound by the law and were to determine what the law was, and that when they had determined the law, it was their duty to follow the law as they found it to be.

The instruction being considered is substantially in the language of many instructions which have been approved by this court in numerous decisions, and is not open to the objection urged against it.   *Harris* v. *State* (1900), 155 Ind. 265, 271.

The court gave several other instructions on the question of reasonable doubt, all as favorable to the appellant as the law justified, and as he requested none himself, he should not complain.

The appellant also urges that this instruction (No. 3) erroneously emphasized the facts *"charged in the affidavit,"* claiming that the jury may have been led to consider the affidavit as evidence of guilt. We find, by an examination of the record, that, in instruction four, the jury was expressly told that the affidavit was not evidence and was not to be considered by it as such.   The instruction is not open to this objection.

The appellant next questions instruction No. 7, in which the court told the jury that the charge of rape included also the charge of assault and battery with intent to commit rape and assault and battery.   The appellant objects because the jury was not told of all the crimes of lesser degree than rape that were included in the charge of the completed crime. The appellant not having requested any instruction on this question, he cannot complain if the instruction was incomplete.   *Reynolds* v. *State* (1897), 147 Ind. 3; *Corn* v. *State* (1912), 177 Ind. 158.

The appellant next complains of instructions Nos. 11

and 20, in each of which the jury were told in substance that if they found the prosecuting witness was a female child under sixteen years of age and that the defendant had sexual intercourse with her, they should find him guilty, and that whether she consented or not to such act or made any resistance was immaterial, and that the element of force had no application in this case.

The appellant's objection to these instructions is based upon an erroneous construction of §2250 Burns' Supp. 1921, Acts 1921 p. 373.

The appellant contends that by §2250 Burns' Supp. 1921, *supra,* the question of force and consent is made material and a necessary element *in every case*

7.  where an assault and battery is committed with intent to have carnal knowledge of a female, regardless of her age, and that as that charge was included in the charge in this·case, the question of force and consent was material as to that.

Said act of 1921 re-enacted the statute defining rape, substantially as it had existed for many years, and provided a more severe penalty, to wit, imprisonment from five to twenty-one years and a fine not exceeding $1,000, and life imprisonment where the female is a child under twelve years of age.   Said act defines rape as follows:

"Whoever unlawfully has carnal knowledge of a woman forcibly against her will, or of a male or female child under sixteen (16) years of age; or whoever being over eighteen (18) years of age, has carnal knowledge of a woman, other than his wife, which woman is insane, epileptic, idiotic, feeble-minded, or a pauper inmate of a poor asylum, he knowing of such condition of such woman; or whoever, being over eighteen (18) years of age, has carnal knowledge of a woman who is an inmate of the woman's prison or the Indiana industrial school for girls, is guilty of rape, and, on conviction," etc.

It will be observed that by this statute, as well as by the one which existed theretofore, several distinct crimes of rape are defined, all of which are felonious, namely:· (1) Where the act was forcibly done and against the will of the woman. (2) With a child under sixteen years of age, force not being necessary. (3) With an insane or feeble-minded woman, force not being necessary. (4) With an inmate of the Woman's prison, Girls' school, etc., force not being necessary.·

Section 2240 Burns 1914, Acts 1905 p. 584, §352, which is still in force, provides that, "Whoever perpetrates an assault or an assault and battery upon any human being, with intent to commit a felony, shall, on conviction, be imprisoned in the state prison not less than two years, or more than fourteen years, and be fined not exceeding two thousand dollars."

Under this statute, prior to the act of 1921, if a person perpetrated an assault and battery with the intention of committing any one of the several classes or crimes of rape defined by the rape statute, the punishment was imprisonment for from two to fourteen years and a fine.

The act of 1921 above referred to (§2250 Burns' Supp. 1921, supra), in addition to defining rape and fixing the penalty, as above set out, also fixed a more severe penalty for one who perpetrates the offense of assault and battery with the intention of committing one of the above defined crimes of rape, namely, the first; that is, where the intention was to commit it forcibly and against the will of the female. This was done by the following provision in said act: "Whoever perpetrates an assault and battery upon any female person with intent unlawfully to have carnal knowledge of such female person, forcibly and against her will, shall be deemed guilty of attempted rape and on conviction thereof shall be fined in any sum not exceeding one thou-

sand dollars ($1,000) and shall be imprisoned in the state prison not less than five years nor more than twenty-one years." (The italics are ours.)

This provision just quoted is expressly limited in its application to an assault and battery with an intention to commit rape that is of the class first defined in the statute, to wit, rape that is *with force and against the will* of the female.

The provision just quoted has no application to an assault or an assault and battery perpetrated with the intention to commit any one of the other crimes of rape as defined in the statute.

If an assault and battery is perpetrated with the intention of committing any of the other felonies defined, then §2240 Burns 1914, *supra,* applies. That is, if an assault and battery is committed with the intention of having carnal knowledge of a child under sixteen years of age, where force and lack of consent are not necessary and are not charged, then §2250 Burns' Supp. 1921, *supra,* does not apply.

8. In this case the charge was rape in having carnal knowledge of a female child under sixteen years of age, force not being charged, and, of course, the charge in the affidavit did not include a charge of assault and battery with the intent to commit a rape *by force,* as defined first in the statute defining that crime. It did include a charge of assault and battery with the intent to commit the rape that is defined secondly in said statute, to wit, on a child under sixteen years.

9. The affidavit in this case not having charged a rape by force, did not include a charge of assault and battery to commit a rape by force, and the element of force was not involved and was not material.

An assault and battery committed on a female child under the age of consent, with the intention to have

carnal knowledge, is a felony and consent or non-consent forms no element of the crime. *Gordon* v. *State* (1912), 177 Ind. 689; *Hanes* v. *State* (1900), 155 Ind. 112; *Underhill* v. *State* (1921), 190 Ind. 558.

The charge in this case included a charge of assault and battery with the intent to commit a felony, as defined by §2240 Burns 1914, *supra*, the felony being rape on a girl under the age of consent.

The next instruction objected to is No. 12, which is as follows: "The court instructs the jury that it is your province to determine the weight and credibility to be given to the testimony of the prosecutrix upon whom it is alleged in the affidavit herein that a rape was committed, and who has testified to the facts and circumstances of such alleged rape, by the same rules as any other witness testifying in the case. And if such testimony creates in the mind of the jury a satisfactory conviction and belief beyond a reasonable doubt of the defendant's guilt, it is sufficient of itself, without other corroborating circumstances or evidence, to justify a verdict of guilty of rape upon the trial of this cause."

It is urged by appellant that this instruction had the effect of giving the jury to believe they might consider the evidence of the prosecuting witness alone, without considering any of the other evidence in the case. The instruction, when considered as a whole, together with other instructions given, is not susceptible of the construction suggested. It, in effect, tells the jury that the evidence of the prosecuting witness may be sufficient to convict, without any corroboration, if it convinces the jury of the guilt of the accused, beyond a reasonable doubt.

This is not a case where there is any statute requiring the complaining party to be corroborated, and any evi-

dence that is sufficient to convince the jury beyond a reasonable doubt of the defendant's guilt is sufficient. The jury was told in other instructions in unambiguous language that the jury was to consider the entire evidence in determining the fact of guilt or innocence.

The appellant objects to instruction No. 13, which told the jury that they were to "try this case solely by the law of Indiana." This was a charge of violating a statute of this state and, of course, the case was governed solely by the law of this state.

Appellant complains of instruction No. 14, in which the court told the jury that the statute defining assault and battery with intent to rape, so far as it was applicable to this case, was as follows: "Whoever perpetrates an assault and battery upon any female person with intent unlawfully to have carnal knowledge of such female person, *forcibly and against her will,* shall be deemed guilty of *intent to rape* and on conviction thereof shall be fined in any sum not exceeding $1000, and be imprisoned in the state prison not less than five nor more than twenty-one years." (The italics are ours.)

This instruction was erroneous because it included as a necessary element the question of force, which we have shown above was not an element, and also because it stated the punishment to be imprisonment for from five years to twenty-one years, instead of from two years to fourteen years.

In other words, the court instructed the jury that §2250 Burns' Supp. 1921, *supra,* applied, instead of §2240 Burns 1914, *supra,* if they found him guilty of assault and battery, with intent.

Although the instruction was erroneous, yet the giving of it was not harmful to the appellant, because if the jury believed that there could be no conviction unless force and absence of consent

were proved, and that upon conviction the punishment was more severe than it really was, this only increased the burden upon the state, and if it had any effect, would make conviction more difficult. The appellant cannot complain of an error in his favor. *Ewing* v. *State* (1921), 190 Ind. 565.

What we have said regarding instructions Nos. 11 and 20 disposes of appellant's objection to instruction No. 15.

The appellant complains of instruction No. 23, relating to evidence which had been introduced as to appellant's good reputation, in which the court told the jury that, if after considering all the evidence they found beyond a reasonable doubt that he was guilty as charged, then the fact, if it was a fact, that his reputation for peace and quietude was good, would not avail him as a defense, and they should write their verdict accordingly.

This instruction correctly informed the jury that good character or reputation was not a defense, if from the entire evidence they found him guilty. This evidence was to be considered by them, together with the other evidence in the cause, in determining this question, and the court so informed the jury. It is true, as appellant contends, that evidence of this kind may also be considered by the jury in fixing the punishment, and the court did not instruct them that it could not be considered for that purpose.

In the case of *Scherer* v. *State* (1919), 188 Ind. 14, cited by appellant, the jury was told that evidence of good character was *only* competent in considering the question of guilt or innocence, which is not the effect of the instruction we are now considering.

The instruction under consideration is substantially the same as was held not error in *Walker* v. *State* (1894), 136 Ind. 663. The instruction was correct as

far as it went, and as the appellant requested no additional instruction, the appellant cannot complain.

Complaint is made of instruction No. 24, in which the jury were told that if they believed from all the evidence that all the elements of the alleged crime charged in the affidavit, as defined in the instructions, had been proved beyond a reasonable doubt, and that these facts, under the laws of this state, constituted a crime as charged in the affidavit, they should convict. We think this instruction correctly states the law. *Walker* v. *State, supra; Anderson* v. *State* (1885), 104 Ind. 467.

Complaint is made of instruction No. 25, in which the jury were told that they were the judges of the law; that they could not disregard the law, but were to determine what it was; that they could reject the court's instructions as to the law and determine it for themselves, but that they should weigh the instructions as they weighed the evidence and disregard neither without proper reason.

The objection made to this is that the jury were told they should weigh the instructions as they weighed the evidence. An instruction in substantially this same language was approved in the case of *Blaker* v. *State* (1892), 130 Ind. 203, and we do not think the giving of it was error.

In instruction No. 29 the jury was told that it was proper for counsel to read from law books and to discuss the law in their argument, but that the same was merely argument. This was a true statement, so far as it went. If the appellant desired the jury to be instructed as to the consideration to be given the argument of counsel, it was appellant's duty to make a request of that kind.

The court also told the jury in this instruction that the decisions of the Supreme Court were no more bind-

ing upon the jurors than the instructions of the court; that both were entitled to great respect, but that they were not legally binding upon them; and, further, that they were to follow the law as they conscientiously found it to be. This is the law in Indiana. *Lynch* v. *State* (1857), 9 Ind. 541; *Keiser* v. *State* (1882), 83 Ind. 234; *Fowler* v. *State* (1882), 85 Ind. 538.

Instruction No. 32 is not open to the objection urged against it. This instruction, which in substantially the same form was approved in *Hinshaw* v. *State* (1897), 147 Ind. 334, told the jury that "if, after a careful consideration of the law and the evidence in this case, you are satisfied beyond a reasonable doubt, upon the whole evidence, that the defendant is guilty, it will be your duty to return a verdict accordingly." This did not inform the jury that they could exclude the law, and rest their verdict upon the evidence alone, regardless of the law, as appellant claims, and no error was committed in giving this instruction.

The only other question discussed by appellant, that was raised by his motion for a new trial, is that the evidence is not sufficient to sustain the verdict. The prosecuting witness testified to the commission of the crime upon her and it was shown she was under sixteen years of age.

Under the well known rule, to sustain which it is not necessary to cite authority, the court will not weigh conflicting evidence. There was sufficient evidence to support the verdict.

Appellant says that the evidence shows either that the completed crime of rape was committed, or that no crime was committed, and that there was no evidence to justify a verdict of assault and battery with intent to commit rape. There may be a conviction of assault and battery with intent to com-

mit a felony, although the felony is actually committed. *Hamilton* v. *State* (1871), 36 Ind. 280, 10 Am. Rep. 22; *Polson* v. *State* (1893), 137 Ind. 519.

Appellant has not pointed out any error in overruling the motion for a new trial sufficient to reverse the cause.

Appellant assigns as error the action of the court in overruling his motion to modify the judgment.

22. The appellant was convicted of assault and battery with intent to commit a felony, and the punishment is governed by §2240 Burns 1914, *supra*, which provides for a fine of not exceeding $2,000 and imprisonment of not less than two nor more than fourteen years. The court fined appellant $10 and sentenced him to imprisonment for a period of not less than five years nor more than twenty-one years.

This was error, as the charge against appellant did not include a charge of assault and battery with intent to commit a rape *by force and against the will* of the female, which is necessary in order to justify the punishment which the court inflicted.

This question has been fully discussed by us in considering instructions Nos. 11 and 20 above.

This cause is reversed, because of error of the court below in overruling appellant's motion to modify the judgment, and said court is instructed to sustain said motion of appellant to modify the judgment, and to modify the same by sentencing appellant to imprisonment for not less than two years nor more than fourteen years.