## HICKMAN *v.* STATE OF INDIANA.

[No. 25,196. Filed October 6, 1931. Rehearing denied January 5, 1932.]

94

*Templer & Benadum,* for appellant.
*Arthur L. Gilliom,* Attorney-General, and *Dale F. Stansbury,* for the State.

MYERS, J.—Appellant, in the Delaware Circuit Court, was adjudged guilty of the crime of rape (§2429 Burns 1926, Acts 1921 p. 373), and from that judgment prosecutes this appeal. The only error assigned is the overruling of his motion for a new trial. In support of this motion the only properly specified causes are the giving of instruction Nos. 5, 9 and 16 by the court upon its own motion and verdict contrary to law.

The gist of the charge presented by affidavit was that appellant unlawfully had carnal knowledge of a female child under 16 years of age. Appellant comes to this court with the presumption that all of the proceedings, including the judgment of the trial court, were according to law. Errors of the trial court available to a complaining party on appeal must not only be pointed out, but made to appear that they were prejudicial to a substantial right of such party. *Benedick* v. *State* (1923), 193 Ind. 79, 138 N. E. 822; *Wishmire* v. *State* (1925), 196 Ind. 104, 147 N. E. 278.

Instruction No. 5: "The Court instructs you that in every charge of rape it includes the offense of assault and battery with intent to commit a felony, and assault and battery. If you should find from the evidence beyond a reasonable doubt that the defendant is guilty of one of the offenses above named but have a reasonable doubt as to which of said offenses the defendant is guilty, he should be given the benefit of such doubt and convicted of the lesser offense, that is, if there should be a reasonable doubt in the minds of the jury as to the charge of rape and at the same time there should be a reasonable doubt in the minds of the jury or any one of the jurors as to the guilt of the defendant of the crime of assault and battery with intent to commit a felony, then he should be convicted of the smaller offense, *that is, assault and battery with intent to commit a felony.*"

The italicized portion of this instruction, appellant asserts, was harmful and prejudicial to him, in that it excluded the charge of assault and battery, one of the lesser offenses included in the charge of rape. It is true the clause of which complaint is made might be reasonably understood to eliminate a simple assault and battery verdict, but, in our view of the record, no substantial right of appellant was thereby harmed or prejudiced.

None of the instructions, other than No. 5, contains any reference to the misdemeanor—assault and battery. The statutory definition pertinent to the instant case is: Whoever unlawfully has carnal knowledge of a female child under 16 years of age is guilty of rape. Force and want of consent are not necessarily elements of the offense of which appellant was convicted, and hence not material to the issue in this case. *Chesterfield* v. *State* (1923), 194 Ind. 282, 141 N. E. 632.

Instructions preceding No. 5 and instructions Nos. 6 and 7 brought to the attention of the jury the statutory definition and penalties for rape and assault and battery with intent to commit a felony, as also the facts necessary for the jury to find beyond a reasonable doubt in order to warrant a conviction for either of these offenses. Appellant offers no objection to any of these instructions, and we may assume that the jury was correctly advised as to the law relative to the various phases of the case covered by them.

It must be kept in mind that this is not a case of "carnal knowledge of a woman forcibly against her will," and hence the offense of assault or assault and battery is not applicable to a case as here where force and lack of consent are not necessary elements to support the charge. The crime of rape is a felony, and, while §2429, *supra*, does not include

the offense of assault and battery with intent to commit rape upon a child under 16 years of age, yet, upon the theory that there can be no rape without an assault and battery, it necessarily follows that a charge of rape includes the lesser offense, that of assault and battery with intent, not to commit a rape under this statute, but assault and battery with intent to commit a felony as defined in §2417 Burns 1926. *Chesterfield* v. *State, supra; Mills* v. *State* (1875), 52 Ind. 187; *Cronin* v. *State* (1920), 189 Ind. 568, 128 N. E. 606; *Polson* v. *State* (1894), 137 Ind. 519, 35 N. E. 907; *Gordon* v. *State* (1912), 177 Ind. 689, 98 N. E. 627.

The penalty for rape is imprisonment from five to 21 years and a fine of not to exceed $1,000, while the penalty for assault and battery with intent to commit a felony is imprisonment from two to 14 years and a fine of not to exceed $2,000. In the instant case, the jury found the appellant guilty of rape as charged in the affidavit, that he is 41 years of age, and the prosecuting witness 15 years of age. Following this verdict, he was adjudged to pay a fine of $25 and be imprisoned in the Indiana State Prison for not less than five nor more than 21 years.

We have read carefully all of the evidence before the jury in this cause, and we venture to say that no evidence will be found in the record justifying the jury in finding the defendant guilty of a simple assault and battery. There is abundant evidence to support the verdict. The jury, by instructions, was given the opportunity of finding appellant guilty of an offense calling for a much less penalty and of an inferior degree. This it refused to do. If, for any reason, it could be said that an instruction embracing a simple assault and battery should have been given, such an instruction evidently would not have affected the

result. The giving of instruction No. 5 was not reversible error. *Mullen* v. *State* (1921), 191 Ind. 405, 133 N. E. 8; *Meno* v. *State* (1925), 197 Ind. 16, 164 N. E. 93; *Long* v. *State* (1922), 192 Ind. 524, 137 N. E. 49, 24 A. L. R. 1234.

Appellant insists that the court's ninth instruction was erroneous for the reason that it told the jury that the proof must show the alleged offense was committed within five years prior to the filing of the affidavit. In support of this insistence, he says that the affidavit charged three distinct offenses—rape, subject to the five-year statute of limitations, assault and battery with intent to commit a felony, and plain assault and battery, each of which is within the two-year statute. The record shows that the instant prosecution was commenced January 30, 1926. The affidavit fixes the date of the offense on or about December 1, 1925. In this class of cases, it is not essential to a conviction that proof of the date of the violation accord with the date fixed in the affidavit, for, in either event, the showing must take the case without the statute of limitations. Appellant was charged with the crime defined as rape. Instruction No. 9 had reference to the charge presented by the affidavit and not to any offense of a lesser degree. It is good as against appellant's challenge, in effect, for incompleteness. Moreover, the record is absolutely silent of anything that would tend to confuse or to lead the jury into a consideration of any offense barred by the statute of limitations. The undisputed evidence shows that appellant had sexual intercourse with the prosecuting witness upon two different occasions, three days intervening, neither date absolutely fixed other than that they occurred the last of November or the first of December, 1925. There was no evidence of any other such relationship between these parties, or evidence which might be construed into

an attempt to commit a felony other than that which preceded the consummation of the felony as charged.

Instruction No. 16 is characterized by appellant as blanket in form, covering several subjects, and confusing to such an extent as to be erroneous. He does not point to statements or recitals claimed to be contradictory, or to any particular language that would tend to confuse any ordinary person or in any manner disparage his defense, that is to say, a good reputation for morality, peace and quietude in the community in which he lived, or any other thing that might tend to affect his right to a fair and impartial trial.

We are not advised of any reason that would justify us in disturbing the judgment below.

Judgment affirmed.