AARON R. WITHERSPOON *v.* STATE OF INDIANA.

[No. 1170S287. Filed March 7, 1972.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Frank Hanley,* Deputy Attorney General, for appellee.

DeBruler, J.—This is an appeal from a conviction for entering to commit a felony in violation of I. C. 1971, 35-13-5-5, being Burns § 10-704, and appellant was sentenced to one to ten years in prison. Trial was by jury in the Vanderburgh Superior Court No. 2.

Appellant's first contention is that the trial court erred in giving the State's tendered Instruction No. 2. That Instruction set out verbatim certain portions of the statute defining the penalties for Theft, namely, I. C. 1971, 35-17-5-12, being Burns § 10-3039 (1) and (3), which read as follows:

"(1) A person convicted of theft of property not from the person and of less than one hundred dollars in value shall, except as otherwise provided in this section, be fined not more than five hundred dollars or imprisoned for not more than one year, or both, or such person may be imprisoned in the state prison not less than one year nor more than five years, and fined in a sum not exceeding five hundred dollars and be disfranchised and rendered incapable of holding any office of profit or trust for any determinate period.

\* \* \*

"(3) A person convicted of theft of property of one hundred dollars or more in value shall be fined in any sum not exceeding five thousand dollars or imprisoned for not less than one year nor more than ten years, or both, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

The last paragraph of the Instruction read:

"This instruction regarding penalties for theft if [sic] given to you only to assist you in determining the intent of defendant. You are instructed that the crime of theft is not a lesser included offense in the crime of second degree burglary."

Appellant was charged with breaking and entering a commercial building with intent to commit theft. The trial court

properly instructed that theft was not a lesser included offense of second degree burglary and we can see no possible application of this Instruction to any of the issues in this case. Clearly, therefore, the trial court should have refused the instruction, 8A I. L. E., CRIMINAL LAW, § 551, but we do not think this case should be reversed on that account. Indiana Code 1971, 35-1-47-9, being Burns § 9-2320 reads:

"In consideration of the questions which are presented upon an appeal, the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court, which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant."

The issue then is whether the giving of Instruction No. 2 prejudiced the substantial rights of appellant.

Appellant argues the Instruction was misleading and confusing for two reasons. First, because the Instruction was inapplicable to the issues in the case. Second, because the Instruction set out one of the penalties for Theft as one to ten years and the jury found appellant guilty of entering to commit a felony carrying a penalty of one to ten years. Neither of these arguments is very convincing since we perceive no specific connection between these facts and misleading the jury.

Appellant argues the Instruction was mandatory in that it "is in effect telling the jury that the defendant is guilty, that he did commit a crime, and the only consideration the jury must decide is what was the intent of the defendant." The Instruction does not say that on its face and we know of no reason to suppose any juror would have given it such a reading.

Finally, appellant argues the Instruction unduly emphasizes the element of intent. The trial court properly instructed on the issue of intent in another instruction and we are offered no argument to show specifically how this Instruction No. 2 places undue emphasis on intent.

We hold that it was error to give Instruction No. 2, but due to its nature and in the context of this case, it did not result in prejudice to the appellant's substantial rights.

Appellant's second allegation is that the trial court erred in denying appellant's two motions for discovery of statements made prior to trial by the two arresting officers, Trible and Wilkins. Prior to any police officers testifying appellant made a motion to produce "all statements of police officers." The trial court denied that motion and appellant does not raise that issue on appeal. *Cf. Dillard* v. *State* (1971), 257 Ind. 282, 274 N. E. 2d 387. After Officer Trible had testified on direct examination and in the middle of the cross examination appellant made the following motion:

> "MR. MONTGOMERY: At this time Your Honor, the defendant would renew its motion for the purpose of impeachment to be allowed to look at a statement given by this Officer."

After Officer Wilkins had testified and during his cross examination appellant made the following motion:

> "MR. MONTGOMERY: Your Honor, at this time I would make a motion that the police officers or the Prosecutor furnish me with the police report of the incident for the purpose of impeachment."

In *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N. E. 2d 873, this Court held:

> "We hold that under the principles of the *Bernard* case it was error for the trial court, in the absence of the appellee showing a paramount interest in non-disclosure, to deny appellants' motion requesting production by appellee of the witness' pre-trial statements made to the police officers for the purpose of cross examination and impeachment of the witness." 254 N. E. 2d at 876.

> However, we also held that the defendant must first lay the proper foundation for his motion or it could properly be denied. An adequate foundation is laid when:

"(1) The witness whose statement is sought has testified on direct examination; (2) A substantially verbatim transcription of statements made by the witness prior to trial is shown to probably be within the control of the prosecution; and, (3) The statements relate to matters covered in the witness' testimony in the present case." 254 N. E. 2d at 876.

Appellant complied with the first requirement because the witnesses had testified on direct examination but he did not comply with the second and third requirements. The burden was on appellant to show that the witness probably had made pre-trial statements concerning the incident and that the prosecutor probably had the statements in his control. In this case appellant made no showing at all that either witness had ever made a pre-trial statement or report concerning the incident. In the absence of a proper foundation, the trial court did not err in denying appellant's motion for discovery.

The verdict of the jury is affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

Note.—Reported in 279 N. E. 2d 543.