DAVID JARRETT *v.* STATE OF INDIANA.

[No. 3-974A160. Filed September 18, 1975. Rehearing denied October 30, 1975.]

*Thomas O. Mulligan,* Knox, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Ronald Duvall,* Assistant Attorney General, for appellee.

GARRARD, J.—Appellant Jarrett was convicted of statutory rape of a female under sixteen years of age. In giving final instructions to the jury, the court instructed that Jarrett might be found guilty of the lesser included offenses of assault and battery with intent to commit a felony, assault and battery with intent to gratify sexual desires, or assault and battery. The court, however, refused defendant's requested instruction to include assault as a lesser included offense. Jarrett's sole contention of error is that refusal.

We find the refusal was error, but the error did not prejudice defendant so as to require reversal.

The applicable statute, IC 1971, 35-1-39-2, Ind. Ann. Stat. § 9-1817 (Burns 1956 Repl.) provides:

> "In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or affidavit."[1]

Our cases have previously held assault and battery to be an included offense to the charge of rape. *Jones* v. *State* (1888), 118 Ind. 39, 20 N.E. 634; *Richie* v. *State* (1877), 58 Ind. 355. Similarly, assault and battery includes the offense of assault. *Accord, Sullivan* v. *State* (1957), 236 Ind. 446, 139 N.E.2d 893; and the offense described in IC 1971, 35-1-54-3, Ind. Ann. Stat. § 10-401 (Burns 1974 Supp.) refers to anyone who perpetrates either an assault or assault and battery with intent to commit a felony. A defendant charged with rape may be found guilty of violating this statute. *Caudill* v. *State* (1946), 224 Ind. 531, 69 N.E.2d 549.

Also, in *Caudill* the Court disposed of the contention that assault and battery might not be included where the charge was statutory rape. Since the female is incapable of consent, the touching is unlawful. For the same reason, where the female is incapable of consent, the attempt to have intercourse satisfies the requirement of the assault statute, IC 1971, 35-13-5-7, Ind. Ann. Stat. § 10-402 (Burns 1956 Repl.) that the attempt be one to commit "a violent injury."

We conclude that the crime of assault is a properly includible lesser offense to the charge of rape. *Leinberger* v. *State* (1933), 204 Ind. 311, 183 N.E. 798.

---

1. The "all other cases" distinguishes application of the statute from offenses which consist of different degrees. *See* IC 1971, 35-1-39-1, Ind. Ann. Stat. § 9-1816 (Burns 1974 Supp.). The quoted provision was amended in 1974 by changing the last word from "affidavit" to "information".

However, in order to secure a reversal, it is incumbent upon Jarrett to show not only error, but that he was prejudiced thereby. *Hester* v. *State* (1974), 262 Ind. 284, 315 N.E.2d 351; *Witherspoon* v. *State* (1972), 258 Ind. 149, 279 N.E.2d 543.

Nowhere does appellant's brief suggest how he may have been actually prejudiced by the court's failure to instruct that simple assault was an included offense. Nor are we able to perceive the likelihood of prejudice because that question is to be determined upon the basis of what occurred at the trial.

Here the instruction was not one dealing with the evidence or the law necessary to sustain some kind of conviction. We therefore cannot presume the jury might have found defendant not guilty if the instruction had been given.

Although the jury was instructed upon three lesser offenses, they returned a verdict of guilty to the principal charge. Furthermore, that verdict was clearly sustained by the evidence at trial.

Thus, under the circumstances of this case, we hold the error harmless as the court did under similar circumstances in *Hickman* v. *State* (1931), 203 Ind. 93, 177 N.E. 837.

Affirmed.

Staton, P.J., and Hoffman, J., concur.

NOTE.—Reported at 333 N.E.2d 794.